**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **ASHLEY ADAMS,** *et al.,* | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:13-CV-217** |
| | § | |
| **BRAD LIVINGSTON,** *et al.,* | § | |
| *Defendants*. | § | *JURY* |

**DEFENDANTS BRAD LIVINGSTON, WILLIAM STEPHENS AND**
**RICK THALER'S ANSWER AND JURY DEMAND TO**
**PLAINTIFS' AMENDED COMPLAINT**

NOW COMES Defendants Brad Livingston, William Stephens, and Rick Thaler, herein referenced as ("Defendants"), by and through the Officer of the Attorney General, and submit this Defendants' Answer and Jury Demand to Plaintiffs' Amended Complaint.  In support thereof, the Defendants respectfully offer the following:

**STATEMENT OF THE CASE**

Plaintiffs are the purported surviving relatives of the deceased offenders.  In their Amended Complaint, Plaintiffs assert various claims under federal and state law against the Defendants.  Specifically, Plaintiffs assert federal claims under 42 U.S.C. § 1983, for violating their deceased relatives' constitutional rights to be free from cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment.  Plaintiffs sue Defendants University of Texas Medical Branch (UTMB) and TDCJ for violations of the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, and the Rehabilitation Act for allegedly failing to provide reasonable accommodations to offenders Rodney Adams, Kenneth Wayne James and Douglas Hudson.  (D.E. #8 at para. 4).  Plaintiffs' sue Defendants Livingston, Thaler,

Stephens, Eason and Miller pursuant to 42 U.S.C. § 1983 for deliberate indifference to offenders Rodney Adams, Kenneth Wayne James and Douglas Hudson's serious medical needs.  (D.E. #8 para. 3).

Plaintiffs allege that offenders Adams, James and Hudson all died from hyperthermia. (D.E. #8 at para 70-80).  Plaintiffs further allege that offenders Adams, James and Hudson had the disabilities of depression and hypertension.  They allege the defendants failed to reasonably accommodate Adams, James and Hudson's alleged disabilities and were deliberately indifferent to their serious medical needs by failing to provide them with air conditioned housing, a plastic cup, and a personal fan.  Defendants Brad Livingston, Rick Thaler, William Stephens, Robert Eason, Dennis Miller are sued in their individual capacities for punitive and compensatory damages.  Defendant TDCJ is sued for compensatory relief.

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to FED. R. CIV. P. 8(b), and for the express purpose of requiring the plaintiffs to meet their burden of proof herein, the defendants deny each and every allegation contained in Plaintiff's Amended Complaint, except those expressly admitted herein.

### STATEMENT OF CLAIMS

1.      Defendants deny that prisoners are regularly dying of heat stroke in TDCJ custody at the Gurney Unit in Tennessee Colony, Texas.

2.      Defendants admit Plaintiffs brought a civil action.  Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 2 of Plaintiffs' Amended Complaint.

3.      Defendants admit Plaintiffs brought a civil action under 42 U.S.C. §1983 claim, but deny the remainder of the allegations contained in paragraph 3.

4.      Defendants admit Plaintiffs brought a civil action against TDCJ and UTMB for violation of Title II of the Americans with Disabilities Act ("ADA"), and the ADA Amendments Act ("ADAAA"), 42 U.S.C. §12131 et seq., and Section 504 of the 1973 Rehabilitation Act, 29 U.S.C. §794 ("Rehabilitation Act"), but deny the remainder allegations contained in paragraph 4.

## JURISDICTION AND VENUE

5.      Defendants admit the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and §1343.

6.      Defendants deny that venue is proper in this Court.

## PLAINTIFFS

7.-12.  Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 7 through 12 of Plaintiffs' Amended Complaint.

## DEFENDANTS

13.     No response required.

14.     Defendants admit Brad Livingston is the Executive Director of the TDCJ.  Defendants admit Livingston is sued in his individual capacity.  Defendants deny all remaining allegations contained in paragraph 14 of Plaintiffs' Amended Complaint.

15.     Defendants deny Rick Thaler is the director of TDCJ's Correctional Institutions Division and deny that he is employed for TDCJ in any capacity.   Defendants admit Thaler is sued in his individual capacity.  Defendants deny all remaining allegations contained in paragraph 15 of Plaintiffs' Amended Complaint.

16.     Defendants admit William Stephens is the deputy director of the Correctional Institutions Division.  Defendants admit Stephens is sued in his individual capacity.  Defendants deny all remaining allegations contained in paragraph 16 of Plaintiffs' Amended Complaint.

17.     Defendants admit Robert Eason is a Regional Director of TDCJ.  Defendants admit Eason is sued in his individual capacity.  Defendants deny all remaining allegations contained in paragraph 17 of Plaintiffs' Amended Complaint.

18.     Defendants admit Dennis Miller was the Warden at the Gurney Unit.  Defendants admit Miller is sued in his individual capacity.  Defendants deny all remaining allegations contained in paragraph 18 of Plaintiffs' Amended Complaint.

19.     Defendants admit that Regional Goings is the current warden at the Gurney Unit.  Defendants admit that Goings is sued in his individual capacity.  Defendants deny all remaining allegations contained in paragraph 19 of Plaintiffs' Amended Complaint.

20.     Defendants admit that Dr. Owen Murray is an employee of UTMB.  Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 20 of Plaintiffs' Amended Complaint.

## HUDSON DEFENDANTS

21.     Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 21 through 25 of Plaintiffs' Amended Complaint.

## JAMES DEFENDANTS

26.-38.     Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 26 through 38 of Plaintiffs' Amended Complaint.

## FACTS[1]

39.      Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 39 of Plaintiffs' Amended Complaint.

40.      Defendants admit that most TDCJ units are not air conditioned.  Defendants are unable to admit or deny the remainder of paragraph 40 of Plaintiffs' Amended Complaint as the phrase "apparent indoor temperatures routinely exceed 100 degrees" is vague, generalized and too subjective to permit a reasonable response.

41.      Defendants are unable to admit or deny this paragraph as it is speculative, generalized and vague at to a hypothetical scenario and potential outcomes.

42.      Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 42 as it is vague and unclear what the phrase "incorporated this chart" is intended to communicate.

43.      Defendants are unable to admit or deny Plaintiffs' opinion as to what a chart shows.

44.      Defendants are unable to admit or deny Plaintiffs' opinions or Plaintiffs' representation of the opinions of "NOAA", are unable to determine what Plaintiffs refer to by "apparent temperature", what the body "feels", or what is intended to be communicated by "imminent". Defendants deny that they "…have done nothing to cool the indoor temperatures to protect the inmates from death by stroke."  This latter allegation is false and even a cursory investigation on the part of Plaintiffs or their counsel would have revealed that there is no factual basis for such a claim.

---

[1]      Defendants have denied the entirety of paragraphs in **Plaintiffs' First Amended Complaint** containing facts recited in such a hyperbolic and inflammatory manner as to render them specious.

45.    Defendants deny that they made general medical assumptions as to inmates with a specific condition or conditions or taking a specific medication or medications. Defendants deny generally that they have medical training sufficient to form an opinion as to what the effects of a specific medication might be or whether a specific unidentified medical condition would prevent a body from regulating body temperature.  Defendants specifically deny the absurd allegation that a specific medical condition would "prevent their bodies from regulating their temperature". Defendants are unaware that any medical condition would "prevent" any regulation of body temperature at all, as paragraph 45 suggests.  To the extent that a specific medication or medical condition reduces a person's ability to regulate body temperature, this would be within the province of a medical professional using his experience, training and judgment. Accordingly, defendants generally deny paragraph 45 in its entirety.

46.    Defendants are unable to admit or deny paragraph 46 as it is unclear what criteria, methodology or medical basis Plaintiffs use or refer to by the phrase "heat-related causes".  The cause of any specific death would be a subject suitable for opinion by a medical professional after an autopsy was conducted.

47.    Defendants are unable to admit or deny what Plaintiffs believe to have been likely or known. Nor are defendants able to do determine what is "known" by an unidentified generic group referenced as "medical examiners and pathologists".

48.    Defendants are unable to admit or deny what "many" or "most" of the inmates referenced had in common or to address Plaintiffs' general claims as to when some inmates died or when they were found by correctional staff or whether they were "acclimated to the heat" and are unclear as to what Plaintiffs consider this phrase to mean under any specific facts or time period.

49-50.    Defendants are unable to admit or deny paragraphs 49 or 50 as it does not specify a time period nor do they have personal knowledge of what defendant Eason reviewed at some unspecified time.    Defendants have no personal knowledge of what context the phrase "wonderful job" was referencing or what aspect of TDCJ's functions or the date and circumstances of the alleged quotations noted therein.    Defendants deny the allegation referencing "TDCJ's obviously inadequate procedures."    Defendants deny that no action was taken "to protect future prisoners" but qualify such denial by noting that it is murky and unclear what Plaintiffs classify as "inadequate"  or what actions they have re classified as "no action" because it does not meet Plaintiffs' undisclosed criteria for adequacy.

51.    Defendants deny that they "were similarly unconcerned" but note it is impossible to determine what Plaintiffs intend to communicate with this phrase other than to use it in a pejorative manner meant to sully Defendants' reputation without setting out any relevant facts. Defendants deny that "existing policies were obviously inadequate" but note that Plaintiffs give no criteria or methodology that would communicate what they intend to communicate with that phrase or what caused them to classify a policy as "inadequate".    Defendants deny that they followed a "deadly course of conduct".    Defendants further deny they failed to consider any policy recommended by medical professionals assigned to monitor and treat inmate medical issues and assert that they routinely deferred to and followed recommendations from medical professionals on all matters that were represented as needed to address a serious medical need or condition.

52.    Defendant Livingston denies paragraph 52 but notes that it is vague and gives no clue as to what "steps" Plaintiffs classify as appropriate or adequate action that would count as "steps". Plaintiffs appear to be more interested in using vague, general, conclusory, insulting accusations

devoid of any specific facts than setting out what acts or failures to act by Livingston are the subject of their lawsuit.

53-55.    Defendants are unable to deny or admit this set of allegations as addressing it accurately would require medical training and experience.  Defendant as administrators looked for guidance from medical professionals in making any decisions related to inmate health care.

56.    Defendants deny the implication that they are responsible for any hazardous conditions except to admit that to the extent it gets hot in the summer and cold in the winter, temperature extremes can impact a person's health, whether they are in or out of prison and whether they are inmates or correctional staff.

57.    To the extent it is suggested that Defendants have not taken steps to mitigate adverse effects of either heat or cold on inmates, Defendants deny paragraph 57.  To the extent that this paragraph is vague by using the phrase "air condition", Defendants are unable to admit or deny as Plaintiffs do not specify what they intend to communicate with that phrase.  Water, ice, fans, cold towels, showers, wall units, central air are only some of the ways that air can be conditioned.  To the extent Plaintiffs claim that they took none of these steps or any at all to mitigate warm weather, defendants deny paragraph 57.

58.    Defendants are unable to admit or deny as Plaintiffs do not specify which windows at the Gurney Unit they refer to.  Plaintiffs allegation that "The prison housing areas are like an oven" is vague, conclusory more hyperbole than allegation.   An oven can be set at different temperatures or can be off and at room temperature which may or may not cause it to be any hotter than its environment.  Or it may be set much higher than even summer weather is capable of.  Accordingly, Plaintiffs do not set out any facts which can be reasonably denied or admitted.

59-60. Defendants are unable to determine what "action" Plaintiffs are alleging they should have taken and furthermore, deny that they should have taken any actions based on their judgment or opinions on how a specific inmate with an unidentified "medical condition" might respond to heat. Defendants instead, assert that as to the issues of medical conditions and heat susceptibility, TDCJ policies and staff actions were based on deferral to the judgment of trained and experienced medical professionals. To the extent Plaintiffs suggest that they should make housing assignments without considering recommendations of medical professionals, Defendants deny the allegations. Defendants further deny that at their administrative level, that they do or should make routine housing assignments at each and every TDCJ unit, including Gurney.

61. Defendants are unable to admit or deny the particular temperature of any particular office during an unspecified period of time or admit or deny whether in Plaintiffs' opinion, a temperature of 75 degrees is "comfortable". To the extent that Plaintiffs suggest that inmates should all be provided offices similar or comparable to that provided for state government employees and officials, Defendants admit that inmates at TDCJ correctional facilities are not provided offices similar or comparable to that provided to state office workers. Defendants deny that TDCJ "considers possible damage to its weaponry more important than…death to the inmate population." TDCJ is a state agency and has no ability to consider any matter or issue apart from its agents. It is therefore not capable of making the kind of judgment Plaintiffs seek to attribute to a political entity.

62. Defendants deny that they implemented any policy that ignored any medical risk posed to inmates by heat or any other condition. Defendants were at all times aware that medical professionals assigned to monitoring and treating any and all health conditions of inmates were

in place to provide such medical care deemed necessary using their training, experience and qualifications.

63-64.  Defendants are not able to admit or deny whether a particular inmate or class or inmates evaluated by medical professionals should be assigned or treated differently than what the medical professionals have determined is medically appropriate given a specific inmate's medical condition.  Administrative staff must defer to the judgment of trained and qualified professionals in matters impacting inmate health.

65-66.   Defendants deny that they were in a position to make individual environments based on a specific inmate's need at the Gurney Unit.  None of the defendants was employed at the Gurney Unit nor had any responsibility to make daily decisions on inmate assignments or any other operation of that or any other TDCJ Unit.

67.     Defendants are unable to admit or deny what Dr. Murray or UTMB did or should have done to medically treat or care for any particular, unspecified class of inmates vaguely referenced as the "weakest" as these defendants do not have the medical training and experience to second guess what a medical doctor should or should not have done in reference to the undefined phrase "weakest inmates".

68.     Defendants are unable to admit or deny what defendant Eason said at some unspecified time at some unspecified context on the subject of air conditioning at TDCJ's prisons.

69-73  Defendants are unable to admit or deny this reference to some unidentified policies that "recognize heat stroke" as a "medical emergency" without a citation to the specific policy Plaintiffs refer to. Defendants deny that they are aware of any inhumane conditions or that they have or made medical assessments as to which inmates have a higher or lower risk of illness or death, apart from what is determined and communicated by medical staff.  Defendants admit that

TDCJ has policies and training that generally summarize medical conditions so that staff may be alert to when medical intervention should be requested.  Defendants deny that in any specific instance, absent medical staff judgments, that they are aware of any specific medical risk to any particular inmate or class of inmates, except as a general principle.

74.     Defendants admit that the Gurney Unit is a transfer facility.  Defendants are unable to admit or deny the remainder of paragraph 74 of Plaintiffs' Amended Complaint.

75.     Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 75 of Plaintiffs' Amended Complaint without identifying specific policy that Plaintiffs are referring to.

76.     Defendants admit that state jails operate in part under Tex. Admin. Code §259.160.  Defendants deny all remaining allegations contained in paragraph 76 of Plaintiffs' Amended Complaint.

77.-89.  Defendants deny the allegations and statements in paragraphs 77 through 89 of Plaintiffs' Amended Complaint.

90.-95.  Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 90-95 of Plaintiffs' Amended Complaint.

96.-98.  Defendants deny the allegations and statements in paragraphs 96 through 98 of Plaintiffs' Amended Complaint.

99.-100.  Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 99-105 of Plaintiffs' Amended Complaint.

101-102.  Denied.

103-105.  Defendants are unable to admit or deny due to insufficient information.

106. Defendants admit that Offender Douglas Hudson was taken to Palestine Regional Medical Center and died on July 24, 2011. Defendants deny the remainder allegations and statements in paragraph 106 of Plaintiffs' Amended Complaint.

107. Defendants deny the allegations and statements in paragraph 107 of Plaintiffs' Amended Complaint.

108.-112. Defendants are unable to admit or deny the allegations contained in paragraphs 108-112 of Plaintiffs' Amended Complaint.

113. Defendants admit that Offender Kenneth Wayne James was taken to Palestine Regional Medical Center and died on August 13, 2011. Defendants deny the remainder of allegations and statements in paragraph 113 in Plaintiffs' Amended Complaint.

114. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 114 of Plaintiffs' Amended Complaint.

115. Defendants admit that Offender Adams died in 2012 at East Texas Medical Center. Defendants deny the remainder of allegations and statements in paragraph 115 in Plaintiffs' Amended Complaint.

116.-118. Defendants deny the allegations and statements in paragraphs 116 through 118 of Plaintiffs' Amended Complaint.

119. Defendants admit that Livingston, Thaler and Stephens work in Austin and Huntsville. Defendants admit that Miller worked at the Gurney Unit or in nearby Tennessee Colony. Defendants deny the remainder of allegations and statements in paragraph 119 in Plaintiffs' Amended Complaint.

120.-121. Defendants are unable to admit or deny the allegations contained in paragraphs 120 through 121 of Plaintiffs' Amended Complaint.

122- 124.  Defendants deny the allegations and statements in paragraphs 122-124 of Plaintiffs' Amended Complaint.

125.-130.  Defendants are unable to admit or deny the allegations contained in paragraphs 124 through 133 of Plaintiffs' Amended Complaint.

131.    Denied.

132.    Admit Livingston was sued in *McCollum v. Livingston*.  Unable to admit or deny whether that suit was "filed a few weeks before Mr. Adams' death."

133.-135.  Defendants deny the allegations and statements in paragraphs 133 and 135 of Plaintiffs' Amended Complaint.

136.    Defendants admit that TDCJ generates a report called Emergency Action Center that may contain information about an offenders' death.  Defendants deny the remainder of allegations and statements in paragraph 136 of Plaintiffs' Amended Complaint.

137.-140.  Defendants deny the allegations and statements in paragraphs 137 through 140 of Plaintiffs' Amended Complaint.

141.-148.  Defendants are unable to admit or deny the allegations contained in paragraphs 141 through 148 of Plaintiffs' Amended Complaint.

149.    Defendants deny the allegations and statements in paragraph 149 of Plaintiffs' Amended Complaint.

150.-153.  Defendants are unable to admit or deny the allegations contained in paragraphs 150 through 153 of Plaintiffs' Amended Complaint.

154.    Defendants admit that Mr. Hudson was sent to the infirmary at the adjacent Beto Unit. Defendants are unable to admit or deny the remainder allegations contained in paragraph 154 Plaintiffs' Amended Complaint.

155.-166.  Defendants are unable to admit or deny the allegations contained in paragraphs 155 through 170 of Plaintiffs' Amended Complaint.

167.    Denied.

168-170.    Unable to admit or deny.

171.    Defendants admit that Mr. Hudson died at Palestine Regional Medical Center. Defendants deny all other allegations contained in paragraph 171 of Plaintiffs' Amended Complaint.

172.    Defendants admit that Mr. James was an overweight 52-year-old man serving a 5 year sentence.  Defendants deny that Mr. James was incarcerated for violating a probation condition. Defendants are unable to admit or deny the remainder of allegations and statements contained in paragraph 172 of Plaintiffs' Amended Complaint.

173.-195.    Defendants are unable to admit or deny the allegations and statements contained in paragraphs 173 through 195 of Plaintiffs' Amended Complaint.

196.    Defendants admit the statements contained in paragraph 196 of Plaintiffs' Amended Complaint.

197.    Defendants are unable to admit or deny the allegations and statements contained in paragraph 197 of Plaintiffs' Amended Complaint.

198.    Defendants admit that Mr. Adams transferred from Wise County Jail to the Gurney Unit. Defendants are unable to admit or deny the remainder allegations and statements in paragraph 198 of Plaintiffs' Amended Complaint.

199.-205.  Defendants are unable to admit or deny the allegations and statements contained in paragraphs 199 through 205 of Plaintiffs' Amended Complaint.

206.    Defendants admit that Mr. Adams was taken to the prison's infirmary.  Defendants are unable to admit or deny the remainder of the allegations contained in paragraph 206 of Plaintiffs' Amended Complaint.

207.    Defendants admit that UTMB staff called 911.  Defendants are unable to admit or deny the remainder of the allegations and statements contained in paragraph 207 of Plaintiffs' Amended Complaint.

208.    Defendants admit that Mr. Adams was taken to the Palestine Regional Medical Center. Defendants are unable to admit or deny the remainder of the allegations and statements contained in paragraph 208 of Plaintiffs' Amended Complaint.

209.    Defendants admit that Mr. Adams was taken to East Texas Medical Center.  Defendants are unable to admit or deny the remainder of the allegations and statements contained in paragraph 209 of Plaintiffs' Amended Complaint.

210.-212.  Defendants are unable to admit or deny the allegations contained in paragraphs 210 through 212 of Plaintiffs' Amended Complaint.

## CAUSES OF ACTION

213.    No response necessary.

214.    Defendants admit that Plaintiffs' brought a civil action against Defendants Livingston, Thaler, Stephens, Eason and Miller for deliberate indifference pursuant to 42 U.S.C. §1983, but deny allegations and any liability contained in paragraph 214 of Plaintiffs' Amended Complaint.

215.    Defendants are unable to admit or deny the allegations contained in paragraph 215 of Plaintiffs' Amended Complaint.

216.-217.        Defendants deny the allegations and statements contained in paragraphs 216 and 217 of Plaintiffs' Amended Complaint.

15

218.    No response necessary.

219.-222.    Defendants are unable to admit or deny the allegations contained in paragraphs 219 through 223 of Plaintiffs' Amended Complaint.

223.    Denied

224.    No response necessary.

225.    Defendants are unable to admit or deny the allegations contained in paragraph 225 of Plaintiffs' Amended Complaint.

226.-228.    Defendants deny the allegations and statements contained in paragraphs 226-228 of Plaintiffs' Amended Complaint.

229.-230.    Defendants admit the statements contained in paragraphs 229 and 230 of Plaintiffs' Amended Complaint.

231.-233.    Defendants are unable to admit or deny the allegations and statements contained in paragraphs 231 through 233 of Plaintiffs' Amended Complaint.

234.    Defendants deny the allegations that they intentionally discriminated against the deceased offenders under the ADA, ADAAA and Rehabilitation Act or that they failed or refused to protect Hudson, James and Adams "from the extreme temperatures that untimely ended their lives."  Defendants are unable to admit or deny the remainder of the allegations and statements contained in paragraph 234 of Plaintiffs' Amended Complaint.

235.    Defendants deny the allegations that they violated the ADA, ADAAA and Rehabilitation Act as it pertains to Hudson, James and Adams or that any action they took or failed to take "caused their deaths."  Defendants are unable to admit or deny the remainder of the allegations and statements contained in paragraph 235 of Plaintiffs' Amended Complaint.

236.-238.  Defendants deny the allegations contained in paragraphs 236 through 238 of Plaintiffs' Amended Complaint.

239.-248.  Defendants are unable to admit or deny the allegations contained in paragraphs 239 through 248 of Plaintiffs' Amended Complaint.

## DAMAGES

249.-258.  Defendants deny all allegations contained in paragraphs 249 through 258 of Plaintiffs' Amended Complaint.

## GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1.      Defendants Livingston, Thaler and Stephens deny that they violated the rights of Adams, Hudson and James under the Constitution, the Americans with Disabilities Act, the Americans with Disabilities Act Amendment Act, the Rehabilitation Act, or any other law.

2.      Defendants Livingston, Thaler and Stephens admit offenders are entitled to basic constitutional rights including medical care.  Defendant TDCJ contracts with Defendant University of Texas Medical Branch to provide medical care at the Gurney Unit. Defendants' reliance on the medical staff of a respected medical facility to provide care for Plaintiffs' decedents was objectively reasonable and did not violate clearly established law.

3.      Defendant Livingston, Thaler and Stephens deny that they failed to provide reasonable accommodations for Adams, James and Hudson as alleged.  Plaintiffs' decedents did not request accommodations.

4.      Defendants assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of constitutional dimension under 42 U.S.C. § 1983.  Defendants further assert that any claim premised upon negligence will not support a claim under 42 U.S.C. § 1983.

5.      Defendants deny that Adams, James and Hudson were deprived of any right, privilege, or immunity granted or secured by the Constitution, the laws of the United States, and/or the laws of the State of Texas.

6.      Defendants deny that they were deliberately indifferent to plaintiff's health or safety. Defendants assert that they did not have personal involvement sufficient to establish liability regarding the events alleged in Plaintiffs' suit.

7.      Defendants assert that at all times relevant to this suit, they acted with the good faith belief that their actions were proper under the Constitution and laws of the United States and the State of Texas.  Defendants further assert that they acted, at all relevant times, in a manner both consistent with Adams, James and Hudson's clearly established constitutional rights and objectively reasonable in light of all surrounding circumstances.  Defendants further assert that at all times relevant to this lawsuit, they performed discretionary acts in good faith and within the course and scope of their authority as public officers employed by the State of Texas.  Finally, Defendants assert that any act or failure to act was not willful, wanton negligent, or performed with a conscious indifference or reckless disregard for the safety of Offenders Adams, James and Hudson.

8.      Defendants deny that either official or sovereign immunity has been waived under the Texas Human Resource Code, Chapter 121 for any purpose.  Defendants hereby expressly assert that they are entitled to qualified, good-faith immunity from suit.

9.      Defendants state that Plaintiffs have failed to exhaust administrative procedures as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants Brad Livingston, Rick Thaler and William Stephens urge this Court to deny the plaintiffs any and all relief demanded in this complaint and to grant such other and further relief as the Court deems just and proper including reasonable attorneys fees should they prevail in this action.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General
Attorney-In-Charge
State Bar No. 01164480
Southern District Fed. I.D. No. 9851

Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
BRAD LIVINGSTON, WILLIAM STEPHENS
AND RICK THALER**

## NOTICE OF ELECTRONIC FILING

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants' Brad Livingston and William Stephens Answer and Jury Demand to Plaintiffs' Amended Complaint** in accordance with the Electronic Case Files system of the Southern District of Texas, on this the 3rd day of September, 2013.

_/s/Demetri Anastasiadis_
DEMETRI ANASTASIADIS
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants' Brad Livingston, William Stephens, and Rick Thaler's Answer and Jury Demand to Plaintiffs' Amended Complaint**, has been served electronically via the Electronic Case Files system of the Southern District of Texas, on this the 3rd day of September, 2013, addressed to:

Jeff Edwards
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, Texas  78702
jeff@edwards-law.com
_Attorney for Plaintiffs_

Scott Medlock
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas  78741
scott@texascivilrightsproject.org
_Attorney for Plaintiffs_

Bruce R Garcia
Rachael Airen
Assistant Attorney Generals
Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711
bruce.garcia@texasattorneygeneral.gov
rachael.airen@texasattorneygeneral.gov
*Attorneys for Defendants Texas Department of*
*Criminal Justice, Robert Eason, Dennis Miller*

Kim Coogan
Shanna Molinare
Assistant Attorney Generals
Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711
kim.coogan@texasattorneygeneral.gov
shana.molinare@texasattorneygeneral.gov
*Attorneys for Defendant*
*University of Texas Medical Branch*

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General