IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-217 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1.      **State when the parties conferred as required by Rule 26(f) and identify the counsel who attended for each party.**

The parties conferred by teleconference on August 6, 2013 and on September 16, 2013 and by electronic mail on September 12 and 13. The parties who participated in the conference are listed below:

**Response:**          **For Plaintiffs**
Jeffrey S. Edwards
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
(512) 623-7727
(512) 623-7729
jeff@edwards-law.com

Scott Medlock
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741
(512) 474-5073
(512)474-0726
scott@texascivilrightsproject.org

**For Defendants:**

Demetri Anastasiadis, Assistant Attorney General
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas  78711
Tel: (512) 463-2080
Fax: (512) 495-9139
***Counsel for Brad Livingston, William Stephens and Rick Thaler***

Bruce Garcia, Assistant Attorney General
Rachael Airen, Assistant Attorney General
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas  78711
Tel: (512) 463-2080
Fax: (512) 495-9139
***Counsel for TDCJ, Eason, and Miller***

Kim Coogan, Assistant Attorney General
Lacey Mase, Assistant Attorney General
Shanna Molinare, Assistant Attorney General
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas  78711
Tel: (512) 463-2080
Fax: (512) 495-9139
***Counsel for UTMB***

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

*Webb et al., v Livingston et al.,* S.D. Tex.- Galveston; No. 3:13-cv-00218.

*Togonidze et al v Livingston.,* S.D. Tex.-Galveston; No. 3:13-cv-00229.

*McCollum v. Livingston* et.al.;, N.D. Tex. -Dallas; No. 3:12-cv-02037.

*Martone v. Livingston*, S.D. Tex. – Galveston; No 3:13-cv-00283.

**3.**     **Briefly describe what this case is about.**

Plaintiffs allege that the decedents had to endure extreme heat in the Gurney Unit.   Plaintiffs allege that the defendants subjected the decedents to dangerous prison conditions and discriminated against them on the basis of their disabilities by denying them reasonable accommodations such as transfer to air conditioned units, placement in air conditioning for defined periods of the day, cooling the prison inside, or by offering timely intake physicals.

Defendants deny that any actions they took or allegedly failed to take caused the death of Plaintiffs' decedent.   The individual defendants assert that all actions taken were objectively reasonable, taken in the good faith performance of their duties and did not violate clearly established law under the circumstances presented.

**4.**     **Specify the allegation of federal jurisdiction.**

The Court has federal question jurisdiction under 28 USC §1331 and 1343(a) as this case is brought under the ADA, Rehabilitation Act, and 42 USC §1983.

**5.**     **Name the parties who disagree and the reasons.**

No party disagrees as to jurisdiction.

**6.**     **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiffs:  While no new parties are anticipated at this time, discovery has just begun.

Defendants: None.

**7.**     **List anticipated interventions.**

Plaintiffs: None at this time.
Defendants: None.

8.    **Describe class-action issues.**

Plaintiffs:  There are no class action issues at this time.
Defendants: None.

9.    **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff will have made their initial disclosures by September 17, 2013 – prior to the conference.

Defendants will make their initial disclosures by October 2,2013.

10.   **Describe the proposed agreed discovery plan, including:**
      A.    **Responses to all the matters raised in Rule 26(f).**

The parties have discussed Rule 26(f).  The following issues have not yet been resolved:  Plaintiffs contend that they should be permitted to depose all of the defendants given that they allege these defendants implemented dangerous policies that caused the deaths of numerous prisoners, and the decedents in this case in particular.   Defendants do not believe that Defendants Livingston, Thaler, Stephens or Murray should have to give a deposition.

In addition, the parties discussed ESI (Electronically Stored Information) protocols.  Plaintiffs have some concerns that there are insufficient protocols in place to obtain such electronic information and would like to know the protocols the defendants, particularly the entity defendants, intend to implement to satisfy their obligations under the rules.  This issue has not yet been resolved.

Defendants request that discovery matters not be consolidated until the ruling on TDCJ defendants Motion to Transfer Venue.

      B.    **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates serving interrogatories on Defendants within thirty days of the conference.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate serving interrogatories on Plaintiffs before the close of discovery.

**D.    Of whom and by what date the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipates taking the depositions of Defendants, numerous doctors and administrators affiliated with UTMB, the pathologists who determined that the decedents died from hyperthermia, applicable 30(b)(6) witnesses, and designated experts before the discovery cut-off.

**E.    Of whom and by what date the defendant anticipates taking oral depositions.**

Defendants anticipate taking the deposition of Plaintiffs named as parties to this lawsuit. Additionally, Defendants may take the depositions of any individuals who have knowledge about the allegations of Plaintiffs as well as the defenses and offsets available to Defendants.  Defendants may also take the depositions of any expert witnesses identified by Plaintiffs, and any other person whose deposition testimony becomes desirable based on information developed during discovery.

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff's expert will be designated by September 1, 2014.
Defendant's expert will be designated by October 1, 2014.

**G.    Expert depositions that the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking expert depositions, if any, by the close of the discovery period.

**H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking expert depositions, if any, by the close of the discovery period.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are generally agreed on a discovery plan, however, Plaintiffs contend they have the right to depose all defendants in light of the pattern of heat related deaths at Gurney and throughout the Texas prison system. Certain defendants disagree.

Assuming ESI protocols can be resolved, the parties believe that discovery can successfully be completed.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.    State the date by which the planned discovery can reasonably be completed.**

December 1, 2014.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties intend to discuss settlement after reviewing the documents provided after initial disclosure are served to attempt in good faith to resolve this matter.   The parties have agreed to mediate prior to the close of discovery with a mutually agreed upon mediator.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

See 14.

**16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiff: Mediation on or before March 18, 2014.
Defendants: Defendants request a ruling on their dispositive motions before engaging in settlement discussions. Mediation on or before April 15, 2015.

**17.    Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**18.    State whether a jury demand has been made and if it was made on time.**

Plaintiff made a timely jury demand.
Defendants made a timely jury demand.

**19.    Specify the number of hours it will likely take to present the evidence in this case.**

This case involves the deaths of three individual inmates. The parties believe that it will take two to three weeks for Plaintiffs to present their case and one week for Defendants to put on their defense. This estimate, however, is subject to change upon further discovery.

**20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiffs believe that all pending motions could be argued and/or ruled upon at the scheduling conference.  These include the TDCJ defendants motion to transfer venue, Defendant UTMB's Motion to Dismiss under 12(b)(6).

**21.    List other pending motions.**

Defendant TDCJ, Livingston, Stevens, Thaler, Eason and Miller Motion to Transfer Venue filed on August 8, 2013 (D.E. #12)

Defendant UTMB's Motion to Dismiss filed on July 11, 2013 (D.E.#5)

22.     **Indicate other matters peculiar to the case, including discovery that deserve the special attention of the Court at the conference.**

Depending on the Court's ruling on the various motions to transfer venue, it may be worthwhile to discuss consolidating discovery for certain aspects of the case as many legal issues overlap in the other pending heat related death cases. The parties have discussed these matters and Defendants believe this discussion is premature until the ruling on TDCJ defendants Motion to transfer venue is ruled on. Also, Plaintiffs seek to take several Apex level depositions before fact witnesses have been identified and deposed. Defendants believe these depositions are premature.

23.     **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed his certificate on June 18, 2013.

Defendant UTMB filed its certificate on July 23, 2013.

Defendants Brad Livingston, William Stephens, and Rick Thaler will file their certificate on September 16, 2013.

Defendants TDCJ, Robert Eason and Dennis Miller will file their certificate on September 16, 2013.

24.     **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**Counsel for Plaintiff:**

Jeffrey S. Edwards
State Bar No. 24014406
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, Texas  78702
(512) 623-7727 (512) 623-7729 Fax
jeff@edwards-law.com

8

Scott Medlock
State Bar No. 24044783
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas  78741
(512) 474-5073
(512)474-0726
scott@texascivilrightsproject.org

Brian McGiverin
State Bar No. 24067760
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas  78741
(512) 474-5073
(512)474-0726
brian@texascivilrightsproject.org

James C. Harrington
State Bar No. 09048500
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas  78741
(512) 474-5073
(512)474-0726
jch@mail.utexas.edu

**Counsel for Defendants:**

Demetri Anastasiadis, Assistant Attorney General
State Bar No. 01164480
Fed. I.D. No. 9851
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas  78711
Tel: (512) 463-2080
Fax: (512) 495-9139
Demetri.Anastasiadis@texasattorneygeneral.gov

Bruce Garcia, Assistant Attorney General
Texas State Bar No. 07631060
Federal Id No. 18934
Rachael Airen, Assistant Attorney General
Texas State Bar No. 24068148
Federal Id No. 1140818
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas  78711
Tel: (512) 463-2080
Fax: (512) 495-9139
Bruce.Garcia@texasattorneygeneral.gov
Rachael.Airen@texasattorneygeneral.gov

Kim Coogan, Assistant Attorney General
Texas State Bar No. 00783867
Federal Id No. 18364
Shanna Molinare, Assistant Attorney General
Texas State Bar No. 24041506
Federal Id No. 38632
Lacey Mase, Assistant Attorney General
Texas State Bar No. 24074662
Federal Id No. 1278859
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas  78711
Tel: (512) 463-2080
Fax: (512) 495-9139
Kim.Coogan@texasattorneygeneral.gov
Shanna.Molinare@texasattorneygeneral.gov
Lacey.Mase@texasattorneygeneral.gov