IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, individually and as the representative of the Estate of RODNEY GERALD ADAMS; and WANDA ADAMS, individually; <br><br> CARLETTE HUNTER JAMES, individually and as the representative of the Estate of KENNETH WAYNE JAMES; KRISTY JAMES, KRYSTAL JAMES, KENDRIK JAMES, ARLETT JAMES, JONATHAN JAMES, and KENNETH EVANS, individually and as heirs-at-law to the Estate of Kenneth Wayne James, and MARY LOU JAMES, individually, <br><br> CADE HUDSON, individually and as the representative of the Estate of DOUGLAS HUDSON, <br><br> PLAINTIFFS, <br><br> v. <br><br> BRAD LIVINGSTON, individually and in his official capacity, RICK THALER, WILLIAM STEPHENS, ROBERT EASON, DENNIS MILLER, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and UNIVERSITY OF TEXAS MEDICAL BRANCH, <br><br> DEFENDANTS. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 3:13-cv-217 |

**DEFENDANT NANCY BETTS'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Nancy Betts moves to dismiss Plaintiffs' claims against her based upon her entitlement to qualified immunity. In support of this motion, Ms. Betts offers the following**:**

## I.
## Statement of the Case

Plaintiffs, who are alleged to be surviving heirs-at-law and statutory beneficiaries of decedents Rodney Adams, Kenneth Wayne James, and Douglas Hudson, bring suit against Nancy Betts and several other defendants for alleged violations of the Eighth and Fourteenth Amendments, Title II of the Americans with Disabilities Act, and § 504 of the Rehabilitation Act.[1]  *D.E. 8*. Plaintiffs complaints center around the alleged extreme heat conditions that existed during the summer of 2011 in Texas.  Specifically, Plaintiffs contend that because the decedents suffered from alleged "heat-sensitive disabilities" and were incarcerated at the Gurney Unit, in non-air-conditioned housing, Defendants violated the decedents' constitutional rights by subjecting them to unconstitutional conditions of confinement, demonstrating deliberate indifference to their serious medical needs, and intentionally discriminating against them based solely upon their disabilities.

Nancy Betts, a licensed vocational nurse employed by the University of Texas Medical Branch, is being sued based solely upon her involvement in the medical care of Douglas Hudson. *Id*. at 43-45.  Plaintiffs contend that Ms. Betts deliberately and knowingly delayed Mr. Hudson's access to health care for his serious medical condition for over one hour by choosing to have him transported to the Beto Unit so that she could personally evaluate his medical condition instead of instructing the correctional officers to have him transported directly to a hospital. *Id*. at 57.  This decision, Plaintiffs contend, demonstrates Ms. Betts's deliberate indifference to Mr. Hudson's serious medical needs. *Id*.  To redress their alleged injuries, Plaintiffs sue Ms. Betts in her individual capacity for compensatory and punitive damages. *Id*. at 7.

---

[1] This motion will address only the claims against Nancy Betts.

2

## II.
## Arguments in Support of Motion to Dismiss

A. **Plaintiffs' claims against Ms. Betts must be dismissed because they fail to overcome her entitlement to qualified immunity.**

   1. **Qualified immunity is an immunity from suit, not just a defense to liability.**

Qualified immunity is an immunity from suit and not just a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus, qualified immunity shields a defendant from the costs of trial and the burdens of broad-reaching discovery. *Gaines v. Davis*, 928 F.2d 705, 706 (5th Cir. 1991), *reh'g denied*; *see also Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). The Supreme Court has repeatedly stressed that qualified immunity mut be decided at the earliest possible stage in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). And this Court has long held that qualified immunity is to be resolved on the face of the pleadings and with limited resort to pre-trial discovery. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir.1994) (citing *James v. Sadler*, 909 F.2d 834, 838 (5th Cir.1990)). In fact, district courts have an obligation to carefully scrutinize a plaintiff's claims before subjecting public officials to broad-reaching discovery. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir.1986). This rule is designed to protect public officials from the burdens and costs of litigation and to prevent disruption of government responsibilities. *Harlow*, 457 U.S. at 817.

Before even limited discovery begins, the district court must find that the plaintiff's pleadings assert *facts*, which if true, would overcome the defense of qualified immunity. *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir.), *cert. denied*, 115 S.Ct. 2555 (1995) (emphasis added). In order to overcome the qualified immunity defense, the plaintiff must allege *specific facts* which, if true, would demonstrate that the defendant violated clearly established statutory or constitutional rights. *Id*. at 995 (emphasis added).

3

> **2. Ms. Betts is entitled to qualified immunity because Plaintiffs' conclusory allegations fail to state actionable claims against her.**

Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Fifth Circuit has emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law at the time the official acted and under the circumstances the official acted. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000).

Once a government official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *see also McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a Defendant invokes qualified immunity, the burden is on the Plaintiff to demonstrate the inapplicability of the defense.").

In determining whether the plaintiff has successfully overcome the qualified immunity defense, the court engages in a two-step inquiry. First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all -- prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right." *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted); *Samaad v. City of Dallas*, 940 F.2d 925, 940 (5th Cir. 1991) (holding that *Siegert* requires a plaintiff first to allege a constitutional violation before a court will decide whether the right is "clearly established"). In making this assessment, the court uses "currently applicable constitutional standards." *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).

If a plaintiff has not cleared this first hurdle, the court need not further address the question of qualified immunity. However, if the court finds that the plaintiff has alleged the violation of a constitutional right–a clearly established constitutional right--the court must go on to determine if the defendant official's action could reasonably have been thought consistent with that right. *Siegert*, 500 U.S. at 230.

In making this second determination, the court looks to whether the defendant's actions were objectively reasonable as measured by reference to the law as it existed at the time the conduct occurred and in light of the information that the defendant possessed. *Mouille v. City of Live Oak*, 977 F.2d 924, 928 (5th Cir. 1992)(citing *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. (1993)); *Valencia v. Wiggins*, 981 F.2d 1440, 1448 (5th Cir.) *cert. denied*, 113 S.Ct. 2998 (1993); *Anderson v. Creighton*, 483 U.S. 635, 639(1987); *Streetman v. Jordan*, 918 F.2d 555, 556 (5th Cir. 1990). Regardless of a defendant official's mistaken assumptions, if his conduct is determined to have been objectively reasonable, he is entitled to qualified immunity. Thus, officials are immune if their "actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson*, 483 U.S. at 638.

In order to overcome Ms. Betts's entitlement to qualified immunity, Plaintiffs must establish the violation of a clearly established constitutional right. However, because Plaintiffs cannot establish that Ms. Betts's actions violated clearly established constitutional rights, Plaintiffs fail to state a viable claim and this case should be dismissed.

Plaintiffs allege that, on July 24, 2011, shortly after 6 PM, correctional officers called the Beto Unit because they found Mr. Hudson in his bunk suffering convulsions and unresponsive. *D.E. 8*, p. 43. According to the officers, Mr. Hudson's face was red and flushed, and he could not speak. *Id*.

5

On that date and time, Ms. Betts was one of the licensed vocational nurses on duty at the Beto Unit. *Id*. Plaintiffs contend the officers told Ms. Betts that they believed Mr. Hudson's condition was heat-related because he was very hot. *Id*. After listening to the officers' description of Mr.Hudson's symptoms, Ms. Betts instructed the officers to bring Mr. Hudson to the Beto Unit so that she could personally evaluate his condition. *Id*. Plaintiffs also contend Ms. Betts failed to tell the officers to provide first-aid to Mr. Hudson, namely packing ice around his body or dousing him with ice water. *Id*. at 44. Once Ms. Betts evaluated Mr. Hudson's condition, she determined that he needed to be transported to a local hospital, and she called 911. *Id*. at 45.

These actions, Plaintiffs argue, amount to deliberate indifference and a denial of medical care. Specifically, Plaintiffs aver Ms. Betts' actions decision to personally evaluate Mr. Hudson's medical condition instead of sending him directly to the hospital deliberately delayed his access to medical care for over an hour (the alleged amount of time it took for the ambulance to respond to Ms. Betts's call) and amounted to deliberate indifference. *D.E. 8*, p. 57.

Plaintiffs' allegations, if accepted as true, simply do not state a claim of deliberate indifference. Deliberate indifference to an inmate's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Deliberate indifference under the Eighth Amendment requires a showing of "subjective recklessness" as used in criminal law. *Farmer v. Brennan*, 511 U.S. 825 (1994). Under this standard, "a prison official cannot be found liable under the Eighth Amendment...unless the official knows of and disregards an excessive risk to inmate health or safety;...the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 835; *see also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

6

In *Domino v. Texas Dep't of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

239. F.3d 752, 756 (5th Cir. 2001). Furthermore, an inmate's disagreement with a physician about his medical treatment is insufficient to state a claim of deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Mere negligence, neglect, or medical malpractice does not constitute deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1993) (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)). Nor does gross negligence rise to the level of deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996). When the medical records reflect assessment and treatment of an inmate's medical complaints, there is no deliberate indifference. *See McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990).

Plaintiffs contend Ms. Betts insisted that Mr. Hudson be transported to the Beto Unit so that she could evaluate his medical condition. *D.E. 8*, pp. 43-45. Instead of merely relying on the officers' report of their interpretation of Mr. Hudson's symptoms, Ms. Betts wanted to be able to personally evaluate Mr. Hudson's medical condition. This is the opposite of deliberate indifference. The facts alleged demonstrate Ms. Betts was anything but deliberately indifferent to Mr. Hudson's

7

serious medical needs. In order to assess the potential seriousness of his condition, Ms. Betts instructed the officers to transport Mr. Hudson to the Beto Unit so that she could evaluate his condition and symptoms. *Id*. As soon as Ms. Betts was able to personally evaluate Mr. Hudson's condition, she determined that he needed to be transported to the hospital. *Id*. at 45. This decision does not demonstrate a deliberate delay in access to medical care, but rather an attempt for medical staff to evaluate whether Mr. Hudson's medical needs could be addressed at the Beto Unit or whether they required hospital care.

Based upon Plaintiffs' allegations, they simply fail to state a viable deliberate indifference cause of action against Ms. Betts. By failing to specify facts that meet the high standard of deliberate indifference, Plaintiffs fail to overcome Ms. Betts's entitlement to qualified immunity. Moreover, Plaintiffs fails to allege that Ms. Betts' actions were objectively unreasonable in light of the facts and circumstances that existed at the time. Without alleging or demonstrating that all licensed vocational nurses, confronted with the same facts and circumstances as Ms. Betts, believe requesting to personally evaluate a patient's medical needs before ordering his transport to the hospital is objectively unreasonable, Plaintiffs fail to overcome Ms. Betts's entitlement to qualified immunity.

### III.
### Conclusion

Because Plaintiffs' fail to overcome his entitlement to qualified immunity, Defendant Nancy Betts requests that the Court dismiss with prejudice Plaintiffs' claims against her.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

8

        **DANIEL T. HODGE**
        First Assistant Attorney General

        **DAVID C. MATTAX**
        Deputy Attorney General for Defense Litigation

        **KAREN D. MATLOCK**
        Assistant Attorney General
        Chief, Law Enforcement Defense Division

        **KIM COOGAN**
        Assistant Attorney General
        Attorney-in-Charge

        */s/* SHANNA ELIZABETH MOLINARE
        **SHANNA ELIZABETH MOLINARE**
        Assistant Attorney General
        State Bar No. 24041506
        Southern District No. 38632

        P.O. Box 12548, Capitol Station
        Austin, Texas 78711
        (512) 463-2080 (Phone No.)
        (512) 495-9139 (Fax No.)

        **ATTORNEYS FOR DEFENDANT BETTS**

## NOTICE OF ELECTRONIC FILING

I, **SHANNA ELIZABETH MOLINARE**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Nancy Betts's Motion to Dismiss** in accordance with the Electronic Case Files System of the Southern District of Texas on September 17, 2013.

        */s/* SHANNA ELIZABETH MOLINARE
        **SHANNA ELIZABETH MOLINARE**
        Assistant Attorney General

## CERTIFICATE OF SERVICE

I, SHANNA ELIZABETH MOLINARE, Assistant Attorney General of Texas, do hereby certify that a true copy of **Defendant Nancy Betts's Motion to Dismiss** has been served upon all counsel of record via electronic filing notification on September 17, 2013. In addition, a courtesy copy has been sent to:

Jeff Edwards
The Edwards Law Firm
1101 East 11th St.
Austin, TX 78702
*Attorney for Plaintiffs*

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Dr.
Austin, TX 78741
*Attorney for Plaintiffs*


Bruce Garcia                                           *via Intra-Departmental Mail*
Rachael Airen
Office of the Attorney General
*Attorneys for Defendants TDCJ,*
*Eason, and Miller*

Demetri Anastasiadis                                   *via Intra-Departmental Mail*
Office of the Attorney General
*Attorney for Livingston, Thaler,*
*and Stephens*


                                            */s/* SHANNA ELIZABETH MOLINARE
                                            **SHANNA ELIZABETH MOLINARE**
                                            Assistant Attorney General