IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, *et al.*, | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:13-CV-712 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
|    *Defendants*. | § | JURY |

**OPPOSED MOTION TO STAY AND OBJECTIONS TO DISCOVERY SUBMITTED TO DEFENDANTS BRAD LIVINGSTON, WILLIAM STEPHENS, AND RICK THALER**

**CERTIFICATE OF CONFERENCE**

Plaintiffs' Counsel has stated their opposition to this Motion.

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Brad Livingston, William Stephens and Rick Thaler, object to discovery submitted to them, including interrogatories and requests for production on the basis that Defendants have a Motion to Dismiss pending before the Court asserting qualified immunity. Applicable precedent has held that discovery should be stayed against public officials until the immunity issue has been resolved by the Court. Defendants, in support of these objections, respectfully show the Court the following:

**QUALIFIED IMMUNITY INCLUDES THE RIGHT TO BE FREE FROM
THE BURDEN OF DISCOVERY**

Defendants' pending Motion to Dismiss based on qualified immunity asserts that Plaintiffs have not allege sufficient personal involvement in decedents' deaths to defeat their qualified immunity. Defendants assert that in a 23 defendant suit such as this one, Plaintiffs cannot demonstrate that their conduct violated clearly established through law through vicarious liability, vague conclusory allegations, the failure to have policies that are not constitutionally required or

strict liability for severe weather. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596, 605 (6th Cir.2012). *Atuahene v. City of Hartford,* 10 Fed. Appx. 33 (2nd Cir.2001). ( Simply " 'lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct' " fails " 'to satisfy [the] minimum standard' that 'a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests".

Qualified immunity is not just immunity for liability but includes immunity from suit and pre trial litigation burdens such as discovery. *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) ("a defendant's entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters is effectively lost if the case erroneously goes to trial."). The Supreme Court has made it clear that, to avoid unnecessary exposure to burdensome discovery, the preferred practice is for the government officials to move to dismiss the action based on qualified immunity before discovery is ordered. *Crawford–El v.. Britton,* 523 U.S. 574, 598 (1998).  The law is well established that discovery should be stayed until the Court decides the qualified immunity issue. *Siegert v. Gilley*, 500 U.S. 226, 231 (1996)(" [o]nce a defendant pleads a defense of qualified immunity ... until this threshold immunity question is resolved, discovery should not be allowed")

Qualified immunity issues should be resolved at " 'the earliest possible stage' " of litigation", *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) ("discovery should not be allowed" until the "threshold immunity question is resolved" ).  As the defense of immunity may be dispositive to Plaintiffs' claims against the these Defendants, they are entitled to avoid the burden of discovery until the issue is resolved.

The burden on the defendants is great if a stay is not allowed because forcing them to discovery and trial preparation will effectively destroy the protection against trial and the rigors of

2

litigation to which they are entitled should qualified immunity apply. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Morgan v. Clements*, 2013 WL 950876 *5 (D.Colo.,2013) ("Considering all the factors in light of the facts of this case and the strong interest in resolving questions of qualified immunity before subjecting government officials to the vicissitudes of litigation, the court finds that a stay of discovery as to all parties in the action is appropriate until the District Court has ruled on the pending motions for summary judgment.") *Wicks v. Mississippi State Employment Services*, 41 F.3d 991(5th Cir. 1995) ("Discovery under Lion Boulos, however, must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."). *McBride v. Houston County Health Care Authority*, 2013 WL 674671 *2 (M.D.Ala.,2013):

> Once the qualified immunity defense is raised and the defendants have moved for a stay of discovery, the first issue before the court is whether to grant the stay, which is an exercise of the court's discretion, and, in general, the "balancing is done with a thumb on the side of the scale weighing against discovery." K.M., 209 F.R.D. at 495 (quotation marks and citation omitted). Subsequently and separately, the court must decide whether the immunity defense is meritorious and bars the lawsuit, which turns on whether the defendants' alleged conduct violated a clearly established federal right.

Accordingly, as for the Fourteenth Amendment claim against Benton, this court will stay discovery until after it has decided whether his defense is meritorious.

## CONCLUSION

Defendants TDCJ Director Brad Livingston, Director of TDCJ Correctional Institution Division (CID) William Stephens and retired TDCJ CID Director Rick Thaler object to discovery in the above styled cause and move this Court for a stay until it has resolved their qualified immunity defense.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General
Attorney-In-Charge
State Bar No. 01164480

Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, TX  78711
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT**
**BRAD  LIVINGSTON,  WILLIAM  STEPHENS**
**AND RICK THALER**

**NOTICE OF ELECTRONIC FILING**

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case File system of the Eastern District of Texas, on this the 24th day October, 2013.

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Opposed Motion to Stay and Objections to Discovery Submitted To Defendants Brad Livingston, William Stephens, And Rick Thaler** has been served electronically via the Electronic Case Files system of the Eastern District of Texas, on this the 24th day of October, 2013, addressed to:

Jeff Edwards
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, Texas  78702
jeff@edwards-law.com
*Attorney for Plaintiffs*

Scott Medlock
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas  78741
scott@texascivilrightsproject.org
*Attorney for Plaintiffs*


Bruce R Garcia
Rachael Airen
Assistant Attorney Generals
Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711
bruce.garcia@texasattorneygeneral.gov
rachael.airen@texasattorneygeneral.gov
*Attorneys for Defendants Texas Department of Criminal Justice, Robert Eason, Dennis Miller*

Kim Coogan
Shanna Molinare
Assistant Attorney Generals
Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711
kim.coogan@texasattorneygeneral.gov
shana.molinare@texasattorneygeneral.gov
*Attorneys for Defendant*
*University of Texas Medical Branch*

                                                 /s/ Demetri Anastasiadis
                                                 DEMETRI ANASTASIADIS
                                                 Assistant Attorney General