IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:13-CV-712 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
|     *Defendants*. | § | JURY |

**LIVINGSTON, THALER AND STEPHENS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR OPPOSED MOTION TO STAY AND OBJECTIONS TO DISCOVERY**

Before the Court come defendants Brad Livingston, Rick Thaler and William Stephens and file this Reply to Plaintiffs' Response to their Motion to Stay Discovery.

**I.**
**PLAINTIFF'S CLAIM THAT FACT DISPUTES PRECLUDE DISCOVERY**

On page 8, Plaintiffs' Response, (Doc. 48 ) it is claimed that fact disputes preclude staying discovery citing as a dispute an item that is not relevant to these defendants' immunity:

> ...Defendants contend they supplied prisoners with sufficient drinking water. Plaintiffs' complaint alleges they did not."

Plaintiffs do not give a pleading reference showing that Defendants made such a claim because it does not exist. This is a false straw figure concocted by Plaintiffs' counsel for the sole purpose of creating an appearance of a factual dispute where none exists. Defendants do not claim that "they supplied prisoners with sufficient drinking water." As the three top ranking TDCJ Correctional Institutions Division Security Administrators stationed in Huntsville, Texas, they supplied no drinking water to any prisoner at the Gurney Unit in Palestine, Texas 92 miles away[1] nor did they have a Constitutional duty to do so. Their duty consisted of directing TDCJ Unit staff

---

[1] http://www.mapquest.com/?version=1.0&hk=5-F0kidWWK

to do so. The Amended Complaint claims that TDCJ Gurney Unit staff did not provide sufficient water. Paragraph 83. According to the Amended Complaint, the failure to supply sufficient water was by TDCJ Unit staff, who would have been disregarding, not following Livingston, Thaler and Stephens' directives: (Paragraph 123-Document 8)

> 83. And not only are prisoners deprived of cups at the Gurney Unit, Defendants[2] provide grossly inadequate amounts of water to help prisoners survive the extremely-high temperatures indoors. TDCJ policy requires officers only to bring one large jug per fifty-four prisoners to the prisoner living areas (at most) three times a day. Throughout the system, and at Gurney, the jugs did not contain enough water for each prisoner to drink enough to protect them from the heat, and are frequently filled with lukewarm water. While Director Eason has stated the provision of water should occur as much as possible and should not be limited to three times a day, the provision of sufficient water to stay hydrated did not occur at the Gurney Unit.
>
> 123....TDCJ relies on an informal email discussing the extreme temperatures indoors. But while this email acknowledged the dangers of heat to prisoners, it does not provide for any way to protect a prisoner with heat-sensitive medical conditions from extreme temperatures. Instead, it relies on measures proved inadequate when men died in 2007, like increasing water intake and providing additional fans, neither of which occurred at the Gurney Unit.

Paragraphs 83 and 123 negate the fact issue posited in Plaintiffs' Response. The parties agree that these defendants relied on measures such as directing TDCJ Unit staff, including the Gurney Unit, to increase water intake and provide additional fans. If, as the Amended Complaint claims, Thaler and Stephens' directives were not implemented by Unit staff, Livingston, Thaler and

---

[2] Both the Amended Complaint (Doc 8) and Plaintiffs' Response (Doc 48) repeatedly make claims against "Defendants" in this 23 defendant case. The Court should disregard each of these references. No individual defendant is vicariously liable for the conduct of any other Defendant. Plaintiffs may not overcome qualified immunity by collectively referring to actions or omissions of "defendants" but must allege what each public official did or failed to do that was Constitutionally required. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596, 605 (6th Cir.2012). *Atuahene v. City of Hartford*, 10 Fed. Appx. 33 (2nd Cir.2001). (Simply " 'lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct' "fails " 'to satisfy [the] minimum standard' that 'a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests".)

Stephens are still entitled to qualified immunity as they are not vicariously liable for the acts or omissions of subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1949-1950 (2009):

> respondent correctly concedes that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*

Calling these measure "inadequate" does not save Plaintiffs' claim as these type of measures have been approved as Constitutionally adequate by the Fifth Circuit Court of Appeals. *Gates v. Cook*, 376 F.3d 323,339-40 (5th Cir. 2004) (The district court entered numerous injunctions, including one that "direct[ed] [the prison officials] to provide fans, ice water, and daily showers when the heat index is 90 degrees or above, or alternatively to make such provisions during the months of May through September." The Fifth Circuit affirmed this injunction.); *Valigura v. Mendoza*, 265 Fed.Appx. 232, 235 (5th Cir. 2008) (finding that implementation of remedial measures, such as fans, ice water, and showers to mitigate extreme heat constitutionally sufficient). Plaintiffs Amended Complaint alleges not that Thaler, Stephens or Livingston failed to provide these Constitutionally sound mitigation measures but that the Gurney Unit staff did not implement them, despite Thaler and Stephens' directives to do so.

## II.
**RESPONSE CITES** *Fleming v. Tunica County Mississippi*, 497 Fed. Appx. 381 (5th Cir.2012).
**WHICH SUPPORTS DEFENDANTS' MOTION TO STAY DISCOVERY**

Page 8, Plaintiffs' Response, cites *Fleming* to argue that discovery should not be stayed. But Fleming supports granting of a stay as to Stephens, Livingston and Thaler based on the precise argument made by them in their Motion to Stay-that the Amended Complaint's conclusory allegations do not survive their pending Motion to Dismiss based on qualified immunity: *Fleming v. Tunica County Mississippi*, 497 Fed.Appx. 381, 389 (5th Cir.2012) (Opinion at page 7)

> the complaint must 'state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity.' "

>                            ...
>
>> ("[A]llowing broadly-worded complaints,... which leaves to traditional pretrial depositions, interrogatories, and requests for admission the development of the real facts underlying the claim, effectively eviscerates important functions and protections of official immunity."). Fleming's amended complaint does no more than recite various legal theories upon which a jailer may be liable for unlawful detention under this court's precedents. His pleadings' failure to allege the specific factual underpinnings of these legal conclusions is fatal in the face of the individual defendants' assertions of qualified immunity.

## III.
## RESPONSE'S CLAIM THAT THE MOTION TO STAY SHOULD BE DENIED BECAUSE THESE DEFENDANTS ARE NOT ENTITLED TO IMMUNITY.

On pages 1 and 5 of their Response, Plaintiffs claim that the Motion to Stay should be denied because these defendants are not entitled to qualified immunity. It is the Court and not Plaintiffs' counsel that is conferred the authority to decide whether the Amended Complaint alleges sufficient facts to defeat qualified immunity: *Fleming v. Tunica County Mississippi*, 497 Fed.Appx. 381, 388 (5th Cir.2012) (Opinion at page 6)

> ...we must first determine whether the allegations in Fleming's complaint are sufficient to negate their assertions of qualified immunity. *See id.; Wicks,* 41 F.3d at 995. Negating qualified immunity "demands more than bald allegations and conclusionary statements." *Wicks,* 41 F.3d at 995. Fleming "must allege facts specifically focusing on the conduct of [the individual defendants] which caused his injury."

In accord*, Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995):

> The *Lion Boulos* court noted that when the assertion of the qualified immunity defense turned purely on a question of law, the district court should rule on the motion to dismiss without discovery...
>
> Discovery under Lion Boulos, however, must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.

4

## IV.
## RESPONSE'S CLAIM THAT THE MOTION TO STAY SHOULD BE DENIED EVEN IF THESE DEFENDANTS ARE IMMUNE FROM SUIT

Plaintiffs' Response, citing no authority, claims that Defendants' Motion to Stay Discovery should be denied even if they are immune from suit because they are witnesses in the above styled cause.  Response, pp. 9-10.  The Fifth Circuit has held that discovery "...must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."  *Wicks*, *supra* at p. 994.

The discovery process against a defendant is more burdensome and extensive than that permitted for a non party witness.  Cf. Rule 45 (compelling discovery from non party *via* a subpoena), Rule 26 (an eight page rule requiring extensive disclosure from parties) and Rule 33 (Interrogatories to parties).  The Response's claim that the Motion to Stay should be denied, and that the Court should subject a greater burden on a defendant official than would be permitted of a non party witness, prior to resolving the immunity issue, is contradicted by *Wicks*,  at p. 995:

> In its decisions in *Harlow* and *Mitchell,* the Supreme Court made clear that immunity means more than just immunity from liability; it means immunity from the burdens of defending a suit, including the burdens of pretrial discovery.  Thus, "courts have an obligation to carefully scrutinize a plaintiff's claim before subjecting public officials to the burdens of broad reaching discovery."  *Jacquez,* 801 F.2d at 791.  The failure to do so is immediately appealable under *Mitchell*.

## CONCLUSION

Fifth Circuit and U.S. Supreme Courts have held that  "[T]he issue of qualified immunity is a threshold question, and '[u]ntil this threshold immunity question is resolved, discovery should not be allowed.' "  *Wicks*, *supra* at p.995

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General
Attorney-In-Charge
State Bar No. 01164480

Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463.2080 / (512) 495.9139 Fax

**ATTORNEYS FOR DEFENDANTS**
**BRAD LIVINGSTON, WILLIAM STEPHENS**
**AND RICK THALER**

# NOTICE OF ELECTRONIC FILING

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of **Livingston, Thaler and Stephens' Reply to Plaintiff's Response to Their Opposed Motion to Stay and Objections to Discovery** in accordance with the Electronic Case Files system for the Eastern District of Texas, on this the 8th day of November, 2013.

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of **Livingston, Thaler and Stephens' Reply to Plaintiff's Response to Their Opposed Motion to Stay and Objections to Discovery**, has been served *via* the Electronic Case Files system of the Eastern District of Texas, on the 8th day of November, 2013 to:

Jeff Edwards
jeff@edwards-law.com

Scott Medlock
scott@edwards-law.com

Bruce Garcia
bruce.garcia@texasattorneygeneral.gov

Matthew Greer
matthew.greer@texasattorneygeneral.gov

Kim J. Coogan
kim.coogan@texasattorneygeneral.gov

Shanna Molinare
shanna.molinare@texasattorneygeneral.gov

Lacey Mase
lacey.mase@texasattorneygeneral.gov

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General