UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ASHLEY ADAMS, individually and as the representative of the Estate of RODNEY GERALD ADAMS; and WANDA ADAMS, individually; <br><br> CARLETTE HUNTER JAMES, individually and as the representative of the Estate of KENNETH WAYNE JAMES; KRISTY JAMES, KRYSTAL JAMES, KENDRICK JAMES, ARLETT JAMES, JONATHAN JAMES and KENNETH EVANS, individually and as heirs-at-law to the Estate of Kenneth Wayne James, and MARY LOU JAMES, individually, <br><br> CADE HUDSON, individually and as the representative of the Estate of DOUGLAS HUDSON, <br>       PLAINTIFFS <br><br> v. <br> BRAD LIVINGSTON, individually and in his official capacity, JOE OLIVER, NANCY BETTS, L. FIELDS, JOHN DOE, ROBERT LEONARD, BRANDON MATTHEWS, DEBRA GILMORE, SARAH RAINES, DANNY WASHINGTON, MATTHEW SEDA, TULLY FLOWERS, DORIS EDWARDS, LINDA McKNIGHT, REVOYDA DODD, RICK THALER, WILLIAM STEPHENS, ROBERT EASON, DENNIS MILLER, REGINALD GOINGS, and OWEN MURRAY in their individual capacities, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and UNIVERSITY OF TEXAS MEDICAL BRANCH <br>       DEFENDANTS | CIVIL ACTION NO. <br> 6:13-CV-712 <br><br> JURY DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S AMENDED MOTION TO DISMISS**

### I. SUMMARY OF THE RESPONSE

Two recent district court decisions denied virtually identical motions filed by prison medical providers who failed to ensure disabled prisoners received safe housing.

One of these decisions, *Hinojosa v. Livingston*, Civil Action No. 2:13-CV-319, Doc. 24 (S.D. Tex. Jan. 16, 2014), specifically held the survivors of a prisoner killed by heat stroke stated a claim against the University of Texas Medical Branch for failing to accommodate the prisoner's disabilities. But rather than address this directly on point authority (or even withdraw the original motion), Defendant's amended motion to dismiss (Doc. 72) regurgitates the same arguments courts have already rejected, while completely ignoring the decision in *Hinojosa*.

Because Plaintiffs' complaint, like the plaintiffs in *Hinojosa*, adequately pleads Douglas Hudson, Kenneth Wayne James, and Rodney Adams died from exposure to brutally hot indoor temperatures after UTMB failed to accommodate their disabilities, the Court should deny the amended motion to dismiss.

### II.     PROCEDURAL HISTORY

Plaintiffs are the surviving family of Douglas Hudson, Kenneth Wayne James, and Rodney Adams, prisoners whose disabilities made them especially vulnerable to the extreme indoor temperatures Texas prisoners regularly suffer during the hot summer months.

UTMB is the medical provider at the Gurney Unit, the prison where Hudson, James and Adams were incarcerated. Plaintiffs sued UTMB, as well as the prison system, after extreme indoor temperatures caused the decedents to suffer heat strokes and die.

UTMB filed a motion to dismiss Plaintiffs' Americans with Disabilities Act and Rehabilitation Act claims. Plaintiffs timely responded, and the motion remains pending.

Shortly after the briefing was complete in this case, two other courts denied virtually identical motions filed by prison medical providers. *See Wright v. Texas*

*Department of Criminal Justice*, No. 7:13-cv-0116-O, Doc. 16 (N.D. Tex. Dec. 16, 2013); *Hinojosa v. Livingston*, Civil Action No. 2:13-CV-319, Doc. 24 (S.D. Tex. Jan. 16, 2014). Plaintiffs filed short notices with the Court to apprise it of these new decisions.

Rather than withdraw the existing motion, UTMB responded to the notice of supplemental authority by filing a new "amended" motion to dismiss, which ignores the *Hinojosa* case altogether.[1]

### III.   FACTS

The Gurney Unit's inmate dormitories are not air conditioned, and prison authorities make no attempt to cool them. As a result, apparent temperatures indoors routinely exceed 100 degrees. (*See*, *e.g.*, Amended Complaint, ¶¶ 40, 63, 117).

Hudson, James, and Adams were incarcerated at the Gurney Unit in 2011 and 2012. (*Id*. ¶¶ 151, 173, 198).

Based on internal policies and documents, autopsy reports, and basic medical knowledge, UTMB officials at the highest levels know these extreme temperatures put prisoners at risk of injury and death, and have caused at least thirteen heat-stroke deaths since 2007. (*Id*. ¶¶ 46, 53-55, 63-64). Despite this knowledge, UTMB has refused to accommodate disabled prisoners – like Hudson, James, and Adams – vulnerable to extreme heat by restricting or modifying their housing assignments and ensuring they are placed in a safe, cooler environment.

Here, Hudson, James, and Adams lived with serious disabilities and met the criteria UTMB and TDCJ recognize for being at risk of heat-related illness or death.

---

[1] Though the arguments in UTMB's amended motion are substantially similar to its original motion to dismiss, out of an abundance of caution, Plaintiffs file this response.

- Douglas Hudson suffered from hypertension and depression. He was prescribed tricyclic antidepressants and beta-blockers to treat his disabilities, though UTMB policies recognize that these medications put patients at increased risk of heat stroke. (*Id*. ¶ 152.)

- Kenneth Wayne James had been diagnosed with hypertension, and prescribed a diuretic to treat his disability. (*Id*. ¶ 174). UTMB protocols state diuretics increase patients' risk of heat stroke. (*Id*. ¶ 143).

- Rodney Adams was diagnosed with depression, and prescribed several medications to treat this disability. (*Id*. ¶ 199.) UTMB's policies recognize patients taking Adams' medications are at additional risk of heat stroke. (*Id.* ¶ 147.)

Thus, UTMB knew each of these men were at heightened risk of suffering a heat stroke due to the medications they took to treat their disabilities.

Hudson, James, and Adams' disabilities and the medications they took to treat their conditions made their bodies more susceptible to heat stroke. (*Id*. ¶ 45). Moreover, UTMB policy expressly states that prisoners taking certain medications to treat depression and hypertension are at increased risk of heat-related illness, and "should not be allowed to work or recreate in environments where the apparent air temperature is 95 [degrees] or higher." (*Id*. ¶ 147). Thus, UTMB knew any work Hudson, James, and Adams would be assigned needed to be restricted due to the heat and their disabilities, and knew the housing areas where they lived was extremely hot and dangerous for them, yet UTMB took no steps to ensure they received safe housing during the brutally hot summer months.

Moreover, UTMB's policies ignore housing accommodations altogether when dealing with heat-sensitive disabilities, despite the fact that UTMB knows of the extreme heat in the housing areas at the Gurney Unit during the summer, knows that prisoners

may spend twenty-three hours a day inside the prison in these conditions, and knows that such prisoners are at risk of death. (*See id*. ¶¶ 53-55, 63-64).

Accordingly, as a direct and proximate consequence of UTMB not accommodating Hudson, James, and Adams' disabilities by restricting their housing assignments, they endured the extreme heat inside the Gurney Unit, could not cool their bodies, and died painful deaths from heat stroke. (*Id*. ¶¶ 150-212).

### III. ARGUMENT AND AUTHORITIES

#### A. Standard of Review

Motions to dismiss for failure to state a claim are "viewed with disfavor and [are] rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff," though "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (citing *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). "The complaint must provide more than conclusions, but it need not contain detailed factual allegations." *Turner*, 663 F.3d at 775 (internal citations omitted). The complaint only needs to "allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Id*. (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2]

A claim is correctly pled when the facts go beyond "threadbare recital of the elements of a cause of action, supported by mere conclusory statements." *Patrick v. Wal-Mart, Inc.-Store No. 155*, 681 F.3d 614, 622 (5th Cir. 2012) (citing *Iqbal*, 556 U.S. at

---

[2] "Determining whether the plausibility standard has been met is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Turner*, 663 F.3d at 775 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

5

678). And when a governmental entity is the defendant, plaintiffs will often not have access to critical documents before conducting discovery. Thus, "only minimal factual allegations should be required at the motion to dismiss stage." *Thomas v. City of Galveston*, 800 F.Supp.2d 826, 842-43 (S.D. Tex. 2011).

### B. Plaintiffs Plead Viable ADA and Rehabilitation Act Claims

To allege a claim under the ADA and Rehabilitation Act, a plaintiff must plead: (1) that he is a qualified individual within the meaning of the acts; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. *Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 428 (5th Cir. 1997). Plaintiffs easily meet these three elements.

#### 1. *Hudson, James, and Adams Suffered from a Disability*

Plaintiffs allege, and UTMB's motion does not seriously contest, that Hudson, James, and Adams were qualified individuals with a disability – depression and hypertension. (Amd. Complaint, ¶¶ 152, 174, 199). As Plaintiffs' allegations must be taken as true at the Rule 12(b)(6) stage, and UTMB offers no argument that the pleadings are inadequate, Plaintiffs have sufficiently pled this element.

#### 2. *Confinement, Medical Care and Safe Housing in Prison are "Services or Programs"*

Writing for a unanimous Supreme Court, Justice Scalia explained confinement in a jail or prison is a program or service for ADA/Rehabilitation Act purposes. *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 211 (1998).

6

Thus, when a person has a disability like Hudson, James, or Adams, the ADA/Rehabilitation Act requires public entities to provide a "reasonable accommodation" to assist the person in accessing public programs and services. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 672 (5th Cir. 2004).

In *Hinojosa,* Judge Nelva Gonzales Ramos followed Judge Janis Jack's opinion in *McCoy v. Texas Dep't of Criminal Justice*, explaining a failure to make reasonable accommodations in the prison context constitutes "discrimination" under the ADA and Rehabilitation Act because "failure to make reasonable accommodations to the needs of a disabled prisoner may have the effect of discriminating against that prisoner because the lack of an accommodation may cause the disabled prisoner to suffer more pain and punishment than non-disabled prisoners." *Id*. (*citing United States v. Georgia*, 546 U.S. 151 (2006)). *See also Hinojosa*, pp. 3-4 (citing *McCoy*). This is what Plaintiffs allege here.

The Rehabilitation Act follows the same standards, adding only the requirement that the entity also receive federal funding, as the complaint alleges UTMB does. (Complaint, ¶ 38). *See* 42 U.S.C. § 12133 ("The remedies, procedures, and rights set forth in section 505 of the Rehabilitation Act of 1973 shall be the remedies, procedures and rights this title provides to any person alleging discrimination on the basis of disability in violation of [Title II of the ADA]"); 29 U.S.C. § 794(a) (2006). Courts interpret the ADA and Rehabilitation Act under the same body of law. *See, e.g., Bennett-Nelson v. Louisiana Board of Regents*, 431 F.3d 448, 455 (5th Cir. 2005). Thus, Plaintiffs have satisfied the elements of a Rehabilitation Act claim as well.

### 3. *UTMB Denied Hudson, James, and Adams Services and Excluded Them from Prison Programs Because of Their Disabilities*

Finally, Plaintiffs plainly allege UTMB denied Hudson, James, and Adams safe housing because it disregarded their disabilities.

In particular, UTMB failed to restrict or modify Hudson, James, or Adams' housing so that it was safe, and failed to provide them any accommodation to protect them from the extreme heat they faced. And they died because of this – undoubtedly suffering more "pain and punishment" than other able-bodied prisoners at the Gurney Unit.

The courts in *Hinojosa* and *Wright* came to the same conclusion. *Hinojosa* directly addresses the argument. There, in another heat stroke death case, Judge Ramos denied UTMB's identical motion to dismiss.

> Plaintiff has alleged sufficient facts to state how the decedent was discriminated against. Plaintiff alleges that Defendant knew of the risks and dangers associated with certain medical conditions and medications, that Defendant knew the decedent suffered from those conditions and used those medications, and that despite that knowledge, Defendant failed to make reasonable accommodations, resulting in the decedent suffering more pain and punishment than non-disabled prisoners – namely, his death.

*Id*. p. 4. Judge Ramos further held "it is not enough for Defendant to claim that all prisoners in the [prison] – whether suffering from a disability or not – endured the same housing and living conditions that the decedent did." *Id*. Similarly, Judge Ramos held failing to provide 24-hour medical staff when prisoners suffered from heat-sensitive disabilities states a claim for relief. *Id*. p. 7. Like Hinojosa, Hudson, James, and Adams needed accommodations to keep them alive during the brutally hot summers. But, though

UTMB regularly makes housing recommendations for other disabled prisoners, it ignored these dangerous conditions and these men died.

Likewise, in *Wright*, Judge Reed O'Connor denied a prison medical provider's motion to dismiss when it failed to recommend safe housing for a suicidal prisoner. Though the provider knew the prisoner had recently attempted suicide, it failed to take basic housing precautions – like housing him with a roommate, and prohibiting placement in a cell with fixtures ligatures could be hung from. Allegations the medical provider failed to recommend safe housing "state[s] a *prima facie* case that [the medical provider] violated the ADA and Rehabilitation Act." *Wright v. Texas Department of Criminal Justice*, No. 7:13-cv-0116-O, Doc. 16, p. 8 (N.D. Tex. Dec. 16, 2013).

UTMB disingenuously contends the complaint does not say what "UTMB should have done or not done about those conditions." UTMB's Amended Motion to Dismiss, Doc. 72, ¶ 4. But the complaint plainly alleges UTMB failed to recommend safe housing for Hudson, James, and Adams, in light of their disabilities. *See*, *e.g.*, Amd. Complaint, ¶¶ 63-64. In fact, the complaint suggests several accommodations UTMB's motion raises – like restricting their housing assignments (*id.*, ¶ 64).

While prisoners without disabilities like depression or mental illnesses may suffer in the extreme heat, they do not share the same risk of life-threatening injuries or death. (*See*, *e.g.*, Amd. Complaint, ¶¶ 141-149). By not protecting Hudson, James, and Adams from the extremely hot temperatures at the Gurney Unit in the summer when UTMB knew their disabilities rendered them vulnerable to heat stroke, UTMB knowingly endangered their lives and discriminated against them because of their disabilities. *See Hinojosa*, p. 4.

9

Thus, Plaintiffs have adequately alleged that UTMB denied Hudson, James, and Adams a reasonable accommodation, namely, safe housing, because of their disabilities.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny UTMB's amended motion to dismiss.

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
  Tel. 512-623-7727
  Fax. 512-623-7729

By /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Eastern District of Texas.

By   /s/ Jeff Edwards
JEFF EDWARDS