**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ASHLEY ADAMS, individually and as the representative of the Estate of RODNEY GERALD ADAMS; and WANDA ADAMS, individually;** | § | |
| **CARLETTE HUNTER JAMES, individually and as the representative of the Estate of KENNETH WAYNE JAMES; KRISTY JAMES, KRYSTAL JAMES, KENDRIK JAMES, ARLETT JAMES, JONATHAN JAMES, and KENNETH EVANS, individually and as heirs-at-law to the Estate of Kenneth Wayne James, and MARY LOU JAMES, individually,** | § | |
| **CADE HUDSON, individually and as the representative of the Estate of DOUGLAS HUDSON,** | § | |
| **PLAINTIFFS,** | § | |
| **v.** | § | **Civil Action No. 6:13-cv-712** |
| **BRAD LIVINGSTON, individually and in his official capacity, RICK THALER, WILLIAM STEPHENS, ROBERT EASON, DENNIS MILLER, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and UNIVERSITY OF TEXAS MEDICAL BRANCH,** | § | |
| **DEFENDANTS.** | § | |

**DEFENDANT LINDA McKNIGHT'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Linda McKnight moves to dismiss Plaintiffs' claims against her based upon her entitlement to qualified immunity and plaintiffs' failure to state a claim against her. In support of this motion, Defendant offers the following**:**

# I.
# FACTS

Plaintiffs, who are alleged to be surviving heirs-at-law and statutory beneficiaries of decedents Rodney Adams, Kenneth Wayne James, and Douglas Hudson, bring suit against nurse Linda McKnight and several other defendants for alleged violations of the Eighth and Fourteenth Amendments, Title II of the Americans with Disabilities Act, and § 504 of the Rehabilitation Act.[1] *D.E. 8*. Plaintiffs' complaints center around the alleged extreme heat conditions that existed during the summer of 2011 in Texas. Specifically, Plaintiffs contend that because the decedents suffered from alleged "heat-sensitive disabilities" and were incarcerated at the Gurney Unit, in non-air-conditioned housing, Defendants violated the decedents' constitutional rights by subjecting them to unconstitutional conditions of confinement, demonstrating deliberate indifference to their serious medical needs, and intentionally discriminating against them based solely upon their disabilities.

Kenneth James was an inmate at the Gurney Unit in the summer of 2011. Linda McKnight, a licensed vocational nurse employed by the University of Texas Medical Branch, is being sued based solely upon her involvement in the medical care of Kenneth James. *Id*. at paragraphs 187-189. Plaintiffs allege that on August 13, 2011 officers found James urinating on himself and falling down. Pursuant to policy, the officers took James to the unit infirmary, which was closed. Officers then called the nearby Beto unit infirmary and spoke to defendant LVN McKnight. Plaintiffs allege, but LVN McKnight denies, that LVN McKnight asked officers to take James' temperature and blood pressure. Plaintiffs allege that LVN McKnight then instructed the officers to bring James to the Beto clinic. As the officers prepared James for transport to the

[1] This motion will address only the claims against Linda McKnight.

Beto clinic, James became unresponsive, and officers decided to call 911. EMS transported James from the Gurney unit to the hospital. Mr. James died later that day. Plaintiffs allege LVN McKnight was deliberately indifferent to James's medical needs by requesting that James be seen in the medical department in response to the officers' call. Plaintiffs contend that McKnight deliberately and knowingly delayed Mr. James's access to health care by choosing to have him transported to the Beto Unit so that she could personally evaluate his medical condition. *D.E. 8* at 50. This decision, Plaintiffs contend, demonstrates deliberate indifference to Mr. James's serious medical needs. *Id*. Ironically, McKnight was unable to evaluate James because officers called 911 instead of taking him to the Beto unit. Plaintiffs sue McKnight in her individual capacity for compensatory and punitive damages.

## II.
## QUALIFIED IMMUNITY

### A. Plaintiffs' claims against McKnight must be dismissed because they fail to overcome her entitlement to qualified immunity.

#### 1. Qualified immunity is an immunity from suit, not just a defense to liability.

Qualified immunity is an immunity from suit and not just a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus, qualified immunity shields a defendant from the costs of trial and the burdens of broad-reaching discovery. *Gaines v. Davis*, 928 F.2d 705, 706 (5th Cir. 1991), *reh'g denied*; *see also Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). The Supreme Court has repeatedly stressed that qualified immunity must be decided at the earliest possible stage in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). And this Court has long held that qualified immunity is to be resolved on the face of the pleadings and with limited resort to pre-trial discovery. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir.1994) (citing *James v. Sadler*, 909 F.2d 834, 838 (5th Cir.1990)). In fact, district courts have an

obligation to carefully scrutinize a plaintiff's claims before subjecting public officials to broad-reaching discovery. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir.1986). This rule is designed to protect public officials from the burdens and costs of litigation and to prevent disruption of government responsibilities. *Harlow*, 457 U.S. at 817.

Before even limited discovery begins, the district court must find that the plaintiff's pleadings assert *facts*, which if true, would overcome the defense of qualified immunity. *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir.), *cert. denied*, 115 S.Ct. 2555 (1995) (emphasis added). In order to overcome the qualified immunity defense, the plaintiff must allege *specific facts* which, if true, would demonstrate that the defendant violated clearly established statutory or constitutional rights. *Id*. at 995 (emphasis added).

**2. McKnight is entitled to qualified immunity because Plaintiffs' conclusory allegations fail to state actionable claims against her.**

Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Fifth Circuit has emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law at the time the official acted and under the circumstances the official acted. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000).

Once a government official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *see also McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a Defendant invokes qualified immunity, the burden is on the Plaintiff

to demonstrate the inapplicability of the defense.").

In determining whether the plaintiff has successfully overcome the qualified immunity defense, the court engages in a two-step inquiry. First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all -- prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right." *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted); *Samaad v. City of Dallas*, 940 F.2d 925, 940 (5th Cir. 1991) (holding that *Siegert* requires a plaintiff first to allege a constitutional violation before a court will decide whether the right is "clearly established"). In making this assessment, the court uses "currently applicable constitutional standards." *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).

If a plaintiff has not cleared this first hurdle, the court need not further address the question of qualified immunity. However, if the court finds that the plaintiff has alleged the violation of a constitutional right–a clearly established constitutional right--the court must go on to determine if the defendant official's action could reasonably have been thought consistent with that right. *Siegert*, 500 U.S. at 230.

In making this second determination, the court looks to whether the defendant's actions were objectively reasonable as measured by reference to the law as it existed at the time the conduct occurred and in light of the information that the defendant possessed. *Mouille v. City of Live Oak*, 977 F.2d 924, 928 (5th Cir. 1992)(citing *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. (1993)); *Valencia v. Wiggins*, 981 F.2d 1440, 1448 (5th Cir.) *cert. denied*, 113 S.Ct. 2998 (1993); *Anderson v. Creighton*, 483 U.S. 635, 639(1987); *Streetman v. Jordan*, 918 F.2d 555, 556 (5th Cir. 1990). Regardless of a defendant official's mistaken assumptions, if his conduct is determined to have been objectively reasonable, he is entitled to qualified immunity. Thus,

officials are immune if their "actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson*, 483 U.S. at 638.

In order to overcome McKnight's entitlement to qualified immunity, Plaintiffs must establish the violation of a clearly established constitutional right. However, because Plaintiffs cannot establish that McKnight's actions violated clearly established constitutional rights, Plaintiffs fail to state a viable claim and their claims against her should be dismissed.

Plaintiffs' allegations, if accepted as true, simply do not state a claim of deliberate indifference. Deliberate indifference to an inmate's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Deliberate indifference under the Eighth Amendment requires a showing of "subjective recklessness" as used in criminal law. *Farmer v. Brennan*, 511 U.S. 825 (1994). Under this standard, "a prison official cannot be found liable under the Eighth Amendment...unless the official knows of and disregards an excessive risk to inmate health or safety;...the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 835; *see also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

In *Domino v. Texas Dep't of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for

> any serious medical needs." *Id*. Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer,* 511 U.S. at 838.

239. F.3d 752, 756 (5th Cir. 2001). Furthermore, an inmate's disagreement with a physician about his medical treatment is insufficient to state a claim of deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Mere negligence, neglect, or medical malpractice does not constitute deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1993) (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)). Nor does gross negligence rise to the level of deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996). When the medical records reflect assessment and treatment of an inmate's medical complaints, there is no deliberate indifference. *See McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990).

Plaintiffs contend McKnight asked that Mr. James be transported to the infirmary so that his medical condition could be evaluated. *D.E. 8*, pp. 49-50. McKnight wanted to be able to personally evaluate Mr. James's medical condition. This is the opposite of deliberate indifference. The facts alleged demonstrate McKnight was anything but deliberately indifferent to Mr. James's serious medical needs. *Id*.

Based upon Plaintiffs' allegations, they simply fail to state a viable deliberate indifference cause of action against McKnight. By failing to specify facts that meet the high standard of deliberate indifference, Plaintiffs fail to overcome McKnight's entitlement to qualified immunity. Moreover, Plaintiffs fail to allege that McKnight's actions were objectively unreasonable in light of the facts and circumstances that existed at the time. Without alleging or

demonstrating that all licensed vocational nurses, confronted with the same facts and circumstances as McKnight, believe requesting to personally evaluate a patient's medical needs before ordering his transport to the hospital is objectively unreasonable, Plaintiffs fail to overcome McKnight's entitlement to qualified immunity.

## III.
## Conclusion

Because Plaintiffs' fail to overcome his entitlement to qualified immunity, Defendant Linda McKnight requests that the Court dismiss with prejudice Plaintiffs' claims against her.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/* KIM COOGAN
**KIM COOGAN**
Assistant Attorney General
State Bar No. 00783867

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)
(512) 495-9139 (Fax No.)

**ATTORNEYS FOR DEFENDANT LINDA MCKNIGHT**

**NOTICE OF ELECTRONIC FILING**

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Linda McKnight's Motion to Dismiss** in accordance with the Electronic Case Files System of the Eastern District of Texas on February 4, 2014.

*/s/* KIM COOGAN
KIM COOGAN
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true copy of **Defendant Linda McKnight's Motion to Dismiss** has been served upon all counsel of record via electronic filing notification on February 4, 2014. In addition, a courtesy copy has been sent to:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 East 11th St.
Austin, TX 78702
*Attorney for Plaintiffs*

Brian McGiverin
Texas Civil Rights Project
4920 N Interstate 35
Austin, Texas 78751-2716

Bruce Garcia — *via Intra-Departmental Mail*
Office of the Attorney General
*Attorneys for Defendants TDCJ, Eason, and Miller*

Demetri Anastasiadis
Office of the Attorney General
*Attorney for Livingston, Thaler, and Stephens*

*via Intra-Departmental Mail*

*/s/* KIM COOGAN
KIM COOGAN
Assistant Attorney General