**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ASHLEY ADAMS, individually and as the** | § | |
| **representative of the Estate of RODNEY** | § | |
| **GERALD ADAMS; and WANDA ADAMS,** | § | |
| **individually;** | § | |
| | § | |
| **CARLETTE HUNTER JAMES, individually** | § | |
| **and as the representative of the Estate of** | § | |
| **KENNETH WAYNE JAMES; KRISTY JAMES,** | § | |
| **KRYSTAL JAMES, KENDRIK JAMES,** | § | |
| **ARLETT JAMES, JONATHAN JAMES, and** | § | |
| **KENNETH EVANS, individually and as heirs-at-law** | § | |
| **to the Estate of Kenneth Wayne James, and** | § | |
| **MARY LOU JAMES, individually,** | § | |
| | § | |
| **CADE HUDSON, individually and as the** | § | |
| **representative of the Estate of DOUGLAS HUDSON,** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:13-cv-712** |
| | § | |
| **BRAD LIVINGSTON, individually and in his** | § | |
| **official capacity, RICK THALER, WILLIAM** | § | |
| **STEPHENS, ROBERT EASON, DENNIS MILLER,** | § | **JURY DEMANDED** |
| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE,** | § | |
| **and UNIVERSITY OF TEXAS MEDICAL BRANCH,** | § | |
| | § | |
| | § | |
| **DEFENDANTS.** | § | |

**DEFENDANTS OLIVER AND WASHINGTON'S**
**FIRST AMENDED ANSWER[1]**

Defendants Joe Oliver and Danny Washington file this first amended answer to Plaintiffs'

amended complaint. *D.E. 8.*

---

[1] Defendants respectfully demand a trial by jury in the foregoing cause of action by separate pleading as required by Local Rule CV-38(a).

# I.
## Admissions and Denials

1.      Defendants deny the allegations in paragraph 1.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      Defendants admit that Plaintiffs bring suit under 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth Amendments.

4.      Defendants admit that Plaintiffs' allege Defendants TDCJ and UTMB violated the Title II of Americans with Disabilities Act and section 504 of the Rehabilitation Act.

5.      Defendants admit the statements in paragraph 5.

6.      Defendants deny that venue is proper in this Court.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 7.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 8.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 9.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 10.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 11.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 12.

13.     Defendants deny the statements in paragraph 13.

14.     Defendants admit Defendant Livingston is the executive director of TDCJ.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 14.

15.     Defendants deny Rick Thaler is the director of TDCJ's Correctional Institutions Division. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 15.

16.     Defendants deny William Stephens is the deputy director of the Correctional Institutions Division.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 16.

17.     Defendants admit Robert Eason was the regional director for TDCJ's Region II. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 17.

18.     Defendants admit Dennis Miller was a warden at the Gurney Unit.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 18.

19.     Defendants admit Reginald Goings was a warden at the Gurney Unit.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 19.

20.     Defendants admit the statements in paragraph 20.

21.     Defendants deny the statements in paragraph 21.

22.     Defendants admit Dr. Joe Oliver was a medical doctor employed by UTMB at the Gurney Unit at all relevant times.   Defendants deny Dr. Oliver is the official UTMB representative.   Defendants admits Dr. Oliver is sued in his individual capacity for punitive and compensatory damages.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 23.

24.     Defendants admit Nancy Betts was a licensed vocational nurse employed by at the Beto Unit at all relevant times.   Defendants deny Nancy Betts is the official representative of UTMB.   Defendants admit the remaining statements in paragraph 24.

25.     Defendants admit L. Fields was a licensed vocational nurse employed by UTMB at the Beto Unit at all relevant times.   Defendants deny L. Fields is the official representative of UTMB.   Defendants admit the remaining statements in paragraph 25.

26.     Defendants deny the statements in paragraph 26.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 27.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 28.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 29.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 30.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 31.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 32.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 33.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 34.

35.     Defendants admit Danny Washington was a licensed vocational nurse employed by UTMB at the Gurney Unit at all relevant times.  Defendants deny Danny Washington is the official representative of UTMB.  Defendants admit the remaining statements in paragraph 35.

36.     Defendants admit Linda McKnight was a licensed vocational nurse employed by UTMB at the Beto Unit at all relevant times.  Defendants deny Linda McKnight was the official UTMB representative.   Defendants admit the remaining statements in paragraph 36.

37.     Defendants admit TDCJ is a state agency.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 37.

38.     Defendants admit UTMB is a state agency and a part of the UT system.   Defendants admit that some of UTMB's policy makers work in Galveston, Texas.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 38.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the first statements in paragraph 39.  Defendants deny Douglas Hudson, Kenneth James, and Rodney Adams died at the Gurney Unit.

40.     Defendants admit portions of the Gurney Unit are not air-conditioned.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 40.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 41.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 42.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 43.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 44.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 45.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 46.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 47.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 48.

49.     Defendants admit Mr. Adams, Mr. James, and Mr. Hudson were assigned to Region II.. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 49.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 50.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 51.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 52.

53.     Defendants deny the statements in paragraph 53.

54.     Defendants deny the statements in paragraph 54.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 55.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 56.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 57.

58.     Defendants deny the statements in paragraph 58.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 59.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 60.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 61.

62.     Defendants deny the statements in paragraph 62.

63.     Defendants deny the statements in paragraph 63.

64.     Defendants deny the statements in paragraph 64.

65.     Defendants deny the statements in paragraph 65.

66.     Defendants deny the statements in paragraph 66.

67.     Defendants deny the statements in paragraph 67.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 68.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 69.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 70.

71.     Defendants deny the statements in paragraph 71.

72.     Defendants deny the statements in paragraph 72.

73.     Defendants deny the statements in paragraph 73.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 74.

75.     Defendants deny the statements in paragraph 75.

76.     Defendants deny the statements in paragraph 76.

77.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 77.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 78.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 79.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 80.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 81.

82.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 82.

83.     Defendants deny the statements in paragraph 83.

84.     Defendants deny the statements in paragraph 84.

85.     Defendants deny the statements in paragraph 85.

86.     Defendants deny the statements in paragraph 86.

87.     Defendants deny the statements in paragraph 87.

88.     Defendants deny the statements in paragraph 88.

89.     Defendants deny the statements in paragraph 89.

90.     Defendants deny the statements in paragraph 90.

91.     Defendants deny the statements in paragraph 91.

92.     Defendants deny the statements in paragraph 92.

93.     Defendants deny the statements in paragraph 93.

94.     Defendants deny the statements in paragraph 94.

95.     Defendants deny the statements in paragraph 95.

96.     Defendants deny the statements in paragraph 96.

97.     Defendants deny the statements in paragraph 97.

98.     Defendants deny the statements in paragraph 98.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 99.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 100.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 101.

102.    Defendants deny the statements in paragraph 102.

103.    Defendants deny the statements in paragraph 103.

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 104.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 105.

106.    Defendants deny the statements in paragraph 106.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 107.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 108.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 109.

110. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 110.

111. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 111.

112. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 112.

113. Defendants deny the statements in paragraph 113.

114. Defendants deny the statements in paragraph 114.

115. Defendants deny the statements in paragraph 115.

116. Defendants deny the statements in paragraph 116.

117. Defendants deny the statements in paragraph 117.

118. Defendants deny the statements in paragraph 118.

119. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 119.

120. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 120.

121. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 121.

122. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 122.

123. Defendants deny the statements in paragraph 123.

124. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 124.

125. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 125.

126. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 126.

127. Defendants deny the statements in paragraph 127.

128.   Defendants deny the statements in paragraph 128.

129.   Defendants deny the statements in paragraph 129.

130.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 130.

131.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 131.

132.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 132.

133.   Defendants deny the statements in paragraph 133.

134.   Defendants deny the statements in paragraph 134.

135.   Defendants deny the statements in paragraph 135.

136.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 136.

137.   Defendants deny the statements in paragraph 137.

138.   Defendants deny the statements in paragraph 138.

139.   Defendants deny the statements in paragraph 139.
140.   Defendants deny the statements in paragraph 140.

141.   Defendants agree that hypertension is high blood pressure.   Defendants deny the remaining statements in paragraph 141.

142.   Defendants deny the statements in paragraph 142.

143.   Defendants deny the statements in paragraph 143.

144.   Defendants deny the statements in paragraph 144.

145.   Defendants deny the statements in paragraph 145.

146.   Defendants deny the statements in paragraph 146.

147.   Defendants deny the statements in paragraph 147.

148.   Defendants deny the statements in paragraph 148.

149.    Defendants deny the statements in paragraph 149.

150.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 150.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 151.

152.    Defendants deny the statements in paragraph 152.

153     Defendants deny the statements in paragraph 153.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 154.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 155.

156.    Defendants deny the statements in paragraph 156.

157.    Defendants deny the statements in paragraph 157.

158.    Defendants deny the statements in paragraph 158.

159.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 159.

160.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 160.

161.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 161.

162.    Defendants deny the statements in paragraph 162.

163.    Defendants deny the statements in paragraph 163.

164.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 164.

165.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 165.

166.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 166.

167.    Defendants deny the statements in paragraph 167.

168.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 168.

169.    Defendants deny the statements in paragraph 169.

170.    Defendants deny the statements in paragraph 170.

171.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 171.

172.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 172.

173.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 173.

174.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 174.

175.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 175.

176.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 176.

177.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 177.

178.    Defendants deny the statements in paragraph 178.

179.    Defendants deny the statements in paragraph 179.

180.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 180.

181.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 181.

182.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 182.

183.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 183.

184.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 184.

185.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 185.

186.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 186.

187.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 187.

188.     Defendants deny the statements in paragraph 188.

189.     Defendants deny the statements in paragraph 189.

190.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 190.

191.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 191.

192.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 192.

193.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 193.

194.     Defendants deny the statements in paragraph 194.

195.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 195.

196.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 196.

197.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 197.

198.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 198.

199.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 199.

200.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 200.

201.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 201.

202.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 202.

203.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 203.

204.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 204.

205.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 205.

206.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 206.

207.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 207.

208.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 208.

209.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 209.

210.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 210.

211.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 211.

212.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 212.

213.     Defendants admit Plaintiffs incorporate the previous paragraphs.

214.     Defendants deny the statements in paragraph 214.

215.    Defendants deny the statements in paragraph 215.

216.    Defendants deny the statements in paragraph 216.

217.    Defendants deny the statements in paragraph 217.

218.    Defendants admit Cade Hudson incorporates the previous paragraphs.

219.    Defendants deny the statements in paragraph 219.

220.    Defendants deny the statements in paragraph 220.

221.    Defendants deny the statements in paragraph 221.

222.    Defendants deny the statements in paragraph 222.

223.    Defendants deny the statements in paragraph 223.

224.    Defendants admits the James Plaintiffs incorporate the previous paragraphs.

225.    Defendants deny the statements in paragraph 225.

226.    Defendants deny the statements in paragraph 226.

227.    Defendants deny the statements in paragraph 227.

228.    Defendants deny the statements in paragraph 228.

229.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 229.

230.    Defendants deny TDCJ and UTMB's sovereign immunity has been properly abrogated under Title II of the ADA and the Rehabilitation Act as related to Plaintiffs' claims.

231.    Defendants deny the statements in paragraph 231.

232.    Defendants deny the statements in paragraph 232.

233.    Defendants deny the statements in paragraph 233.

234.    Defendants deny the statements in paragraph 234.

235.    Defendants deny the statements in paragraph 235.

236.    Defendants deny the statements in paragraph 236.

237.   Defendants deny the statements in paragraph 237.

238.   Defendants deny the statements in paragraph 238.

239.   Defendants deny the statements in paragraph 239.

240.   Defendants deny the statements in paragraph 240.

241.   Defendants deny the statements in paragraph 241.

242.   Defendants deny the statements in paragraph 242.

243.   Defendants deny the statements in paragraph 243.

244.   Defendants deny the statements in paragraph 244.

245.   Defendants deny the statements in paragraph 245.

246.   Defendants deny the statements in paragraph 246.

247.   Defendants deny the statements in paragraph 247.

248.   Defendants deny the statements in paragraph 248.

249.   Defendants deny the statements in paragraph 249.

250.   Defendants deny the statements in paragraph 250.

251.   Defendants deny the statements in paragraph 251.

252.   Defendants deny the statements in paragraph 252. Specifically, Defendants deny that Plaintiff Ashley Adams has the capacity to bring suit on behalf of the decedent's estate because she has failed to both plead and prove that she is either the personal representative of Mr. Adams' estate or that an administration is not pending because an administration is not necessary. Tex. Civ. Prac. & Rem. Code Ann. § 71.021; *Shepherd v. Ledford*, 862 S.W.2d 28, 31 (Tex. 1998).

253.   Defendants deny the statements in paragraph 253.

254.    Defendants deny the statements in paragraph 254. Specifically, Defendants deny that Plaintiffs Carlette James, Kristy James, Krystal James, Kendrick James, Arlett James, Jonathan James or Kenneth Evans has the capacity to bring suit on behalf of the decedent's estate because they failed to both plead and prove that one is the personal representative of Mr. Adams' estate or that an administration is not pending because an administration is not necessary. Tex. Civ. Prac. & Rem. Code Ann. § 71.021; *Shepherd v. Ledford*, 862 S.W.2d 28, 31 (Tex. 1998).

255.    Defendants deny the statements in paragraph 255.

256.    Defendants deny the statements in paragraph 256. Specifically, Defendants deny that Plaintiff Cade Hudson has the capacity to bring suit on behalf of the decedent's estate because he has failed to both plead and prove that he is either the personal representative of Mr. Hudson's estate or that an administration is not pending because an administration is not necessary. Tex. Civ. Prac. & Rem. Code Ann. § 71.021; *Shepherd v. Ledford*, 862 S.W.2d 28, 31 (Tex. 1998).

257.    Defendants deny the statements in paragraph 257.

258.    Defendants deny the statements in paragraph 258.

## II.
## Affirmative Defenses

259.    Defendants deny that Rodney Adams, Douglas Hudson, and Kenneth James properly exhausted all available administrative remedies prior to filing this lawsuit as required under 42 U.S.C. § 1997e(a). Therefore, Plaintiffs' claims must be dismissed.

260.    Defendants contend that Plaintiffs have not stated a claim upon which relief can be granted under 42 U.S.C. §1983 or under any other statute, constitutional theory, or legal authority.

261.    Defendants admit that a cause of action may be stated under certain circumstances pursuant to 42 U.S.C. §1983 but deny such circumstances are present in this case.

262.    Defendants assert that any claim premised upon negligent violation of UTMB or other relevant policy will not support a claim pursuant to 42 U.S.C. § 1983.

263.    Defendants assert any claim premised upon the doctrine of *respondeat superior* will not support a claim of a constitutional dimension under 42 U.S.C. § 1983.

264.    Defendants assert that government officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. §1983.   Therefore, such officials are not proper parties to a cause of action under said statute.   Defendants request dismissal of Plaintiffs' claims under 42 U.S.C. §1983 to the extent that such claims are brought against them in their official capacities.

265.    Defendants assert their entitlement to Eleventh Amendment immunity to any claim for damages which may have been brought against them in their official capacities.

266.    Defendants deny that they acted separately or in concert to engage in illegal conduct to injure Plaintiffs or decedents.

267.    Defendants deny that Plaintiffs were deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States.

268.    Defendants assert, at all times relevant to the allegations against them, they acted in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States.   Therefore, Defendants are entitled to qualified immunity.

269.    Defendants assert entitlement to official immunity to any claims brought against them under the Constitution and laws of the State of Texas.

–18–

270.    Defendants assert this Court lacks subject matter jurisdiction over Plaintiffs' claims under the Texas Tort Claims Act.   *See Sherwinski v. Peterson*, 98 F.3d 849 (5th Cir. 1996).

271.    Defendants deny that they engaged in any unlawful or wrongful conduct toward Plaintiffs, or that they caused Plaintiffs to suffer any damage or injury by engaging in unlawful or wrongful conduct.   Defendants therefore deny that they owe Plaintiffs actual money damages for allegedly engaging in such conduct.

272.    Defendants deny that they engaged in any conduct which may be reasonably characterized as egregious, reckless, callously indifferent, or otherwise motivated by evil intent. Defendants therefore deny that they may be held liable for punitive damages for allegedly engaging in such conduct.

273.    Defendants deny that Plaintiffs have stated viable claims under Title II of the Americans with Disabilities Act or section 504 of the Rehabilitation Act.

274.    Defendants deny Plaintiffs have standing to pursue their claims.   Defendants deny Plaintiffs have pled and proved all of the elements necessary to demonstrate that they have standing to pursue claims under the Texas Survival Statute and the Texas Wrongful Death Statute.

275.    Defendants deny that TDCJ and UTMB's sovereign immunity has been properly abrogated under Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act as it applies to Plaintiffs' allegations.

276.    Defendants deny they intentionally discriminated against Plaintiffs based upon their disabilities.

277.    Defendants deny that Plaintiffs can maintain 42 U.S.C. § 1983 claims as claims under Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act.

278.   Defendants deny venue is proper in the Southern District of Texas.

279.   Defendants deny that they demonstrated deliberate indifference to Plaintiffs' serious medical needs.

280.   Defendants deny Plaintiffs have satisfied all of the requirements under the Texas Tort Claims Act.

281.   Defendants assert Plaintiff's suit is frivolous and without merit.   As such, Defendants are entitled to recover from Plaintiff the amount of any attorney's fees and costs incurred in defending this suit.

282.   Defendants assert that Plaintiffs lack capacity to maintain a 42 U.S.C. § 1983 claim against Defendant Oliver or Washington on behalf of the decedents' estates.

**III.**
**Jury Demand**

Should this case proceed to a trial on the merits, Defendants Joe Oliver and Danny Washington request a trial by jury.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**KIM COOGAN**
Assistant Attorney General
Attorney-in-Charge

**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General

/s/ *Lacey E. Mase*
**LACEY E. MASE**
Assistant Attorney General
State Bar No. 24074662

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)
(512) 495-9139 (Fax No.)

**ATTORNEYS FOR DEFENDANTS OLIVER AND WASHINGTON**


**NOTICE OF ELECTRONIC FILING**

I, **LACEY E. MASE**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants Oliver and Washington's First Amended Answer** in accordance with the Electronic Case Files System of the Eastern District of Texas on March 21, 2014.


/s/ *Lacey E. Mase*
**LACEY E. MASE**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, LACEY E. MASE, Assistant Attorney General of Texas, do hereby certify that a true copy of **Defendants Oliver and Washington's Amended Answer** has been served upon all counsel of record via electronic filing notification on March 21, 2014. In addition, a courtesy copy has been sent to:

Jeff Edwards
The Edwards Law Firm
1101 E. 11th Street
Austin, TX 78702

Scott Medlock
Texas Civil Rights Project
c/o TRLA
4920 N. IH35.
Austin, Texas   78751-2716

Bruce Garcia                    (Via Hand-Delivery)
Office of the Attorney General
300 West 15th, 7th Floor
Austin, Texas   78701

Demetri Anastasiadis            (Via Hand-Delivery)
Office of the Attorney General
300 West 15th, 7th Floor
Austin, Texas   78701

/s/ Lacey E. Mase
**LACEY E. MASE**
Assistant Attorney General

–22–