### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ASHELY ADAMS,** *et al.*, | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **No. 6:13-cv-00712** |
| | § | |
| **BRAD LIVINGSTON,** *et al.*, | § | |
| **Defendants.** | § | |

### DEFENDANTS' ANSWER TO PLAINTIFFS'
### TO SECOND AMENDED COMPLAINT

NOW COME Brad Livingston, Robert Leonard, Brandon Matthews, Debra Gilmore, Sarah Raines, Matthew Seda, Tully Flowers, Doris Edwards, Revoyda Dodd, Rick Thaler, William Stephens, Robert Eason, Dennis Miller, Reginald Goings, Lannette Linthicum, Jennifer Buskirk and the Texas Department of Criminal Justice ("Defendants"), through the Attorney General of Texas, and answer Plaintiffs' second amended complaint. Defendants also assert various affirmative defenses and demand a jury trial.

### GENERAL DENIAL

Pursuant to FED. R. CIV. P. 8(b) and for the express purpose of requiring Plaintiffs to meet their burden of proof, Defendants deny each and every allegation contained in Plaintiffs' second amended complaint except those expressly admitted.

### I.  DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

### STATEMENT OF CLAIMS

1.      Defendants admit that one or more offenders incarcerated at prisons operated by the Texas Department of Criminal Justice may have suffered heat-related illnesses which may have caused or contributed to their deaths, but are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in ¶ 1 of the second amended complaint.

2.      Defendants admit that Plaintiff brings claims in this lawsuit, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 2 of the second amended complaint.

3.      Defendants deny the allegations set forth in ¶ 3 of the second amended complaint.

4.      Defendants deny the allegations set forth in ¶ 4 of the second amended complaint.

## JURISDICTION AND VENUE

5.      Defendants admit that this Court has federal-question jurisdiction as alleged in ¶ 5 of the second amended complaint.

6.      Defendants admit that venue is proper in this Court as alleged in ¶ 6 of the second amended complaint.

## PARTIES

7.      Defendants admit that Ashley Adams has asserted claims, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 7 of the second amended complaint.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 8 of the second amended complaint.

9.      Defendants admit that Carlette Hunter James has asserted claims but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 9 of the second amended complaint.

10.     Defendants admit that Kristy James, Krystal James, Kendrick James, Arlett James, Jonathan James and Kenneth Evans have asserted claims but are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 10 of the second amended complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of the second amended complaint.

12.     Defendants admit that Cade Hudson has asserted claims but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 12 of the second amended complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 13 of the second amended complaint

14. Defendants admit that Brad Livingston is the executive director of the TDCJ as alleged in ¶ 14 of the complaint. Defendants deny the remaining allegations contained in ¶ 14 of the second amended complaint.

15.     Defendants admit that Rick Thaler was the director of TDCJ's Correctional Institutions Division but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 15 of the second amended complaint.

16.     Defendants admit that William Stephens was the deputy director of the Correctional Institutions Division.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 16 of the second amended complaint.

17.     Defendants admit that Robert Eason was the regional director for TDCJ's Region II, which entails supervision of eleven prisons, including the Gurney Unit.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 17 of the second amended complaint.

3

18.     Defendants admit that the Lannette Linthicum, M.D., is TDCJ's chief medical officer.  Defendants admit that Linthicum is sued in her individual capacity.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 18 of the second amended complaint.

19.     Defendants admit that Kathryn Buskirk, M.D., is the director of quality monitoring and compliance for TDCJ's Health Services Division.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 19 of the second amended complaint.

20.     Defendants admit that Dennis Miller was warden at the Gurney Unit.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 20 of the second amended complaint.

21.     Defendants admit that Reginald Goings has served as the warden at the Gurney Unit.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 21 of the second amended complaint.

22.     Defendants admit Dr. Owen Murray is an employee of UTMB.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 22 of the second amended complaint.

## HUDSON DEFENDANTS

23.-27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 23 through 27 of the second amended complaint.

## JAMES DEFENDANTS

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the second amended complaint.

29.     Defendants admit that Robert Leonard may have served as a correctional officer at the Gurney Unit, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 29 of the second amended complaint.

30.     Defendants admit that Brandon Matthews may have served as a correctional officer at the Gurney Unit, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 30 of the second amended complaint.

31.     Defendants admit that Debra Gilmore may have served as a correctional officer at the Gurney Unit, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 31 of the second amended complaint.

32.     Defendants admit that Sarah Raines may have served as a correctional officer at the Gurney Unit, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 32 of the second amended complaint.

33.     Defendants admit that Matthew Seda may have served as a correctional officer at the Gurney Unit, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 33 of the second amended complaint.

34.     Defendants admit that Tully Flowers may have served as a correctional officer at the Gurney Unit, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 34 of the second amended complaint.

35.     Defendants admit that Doris Edwards may have served as a correctional officer at the Gurney Unit, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 35 of the second amended complaint.

36.     Defendants admit that Revoyda Dodd may have served as a correctional officer at the Gurney Unit, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 36 of the second amended complaint.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 37 of the second amended complaint.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 38 of the second amended complaint.

## AGENCY DEFENDANTS

39.     Defendants deny the allegations contained in ¶ 39 of the second amended complaint.

40.     Defendants admit that the Texas Department of Criminal Justice operates the Gurney Unit.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 40 of the second amended complaint. of the second amended complaint

41.     Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in ¶ 41 of the second amended complaint.

## FACTS

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 42 of the second amended complaint.

43.     Defendants admit that certain portions of some of the units operated by TDCJ are not air-conditioned.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 43 of the second amended complaint.

44.     Defendants admit that the Gurney Unit has a functional ventilation system. Defendants deny the remaining allegations contained in ¶ 44 of the second amended complaint.

45.     Defendants admit that TDCJ has installed motorized fans into parts of the Gurney housing areas.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 45 of the second amended complaint.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 46 of the second amended complaint.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 47 of the second amended complaint.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 48 of the second amended complaint.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 49 of the second amended complaint.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 50 of the second amended complaint.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 51 of the second amended complaint.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 52 of the second amended complaint.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 53 of the second amended complaint.

54.     Defendants deny the allegations contained in ¶ 54 of the second amended complaint.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 55 of the second amended complaint.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 56 of the second amended complaint.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 57 of the second amended complaint.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 58 of the second amended complaint.

59.     Defendants deny the allegations contained in ¶ 59 of the second amended complaint.

60.     Defendants deny the allegations contained in ¶ 60 of the second amended complaint.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 61 of the second amended complaint.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 62 of the second amended complaint.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 63 of the second amended complaint.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 64 of the second amended complaint.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 65 of the second amended complaint.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 66 of the second amended complaint.

67.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 67 of the second amended complaint.

68.     Defendants deny the allegations contained in ¶ 68 of the second amended complaint.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 69 of the second amended complaint.

70.     Defendants deny the allegations contained in ¶ 70 of the second amended complaint.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 71 of the second amended complaint.

72.     Defendants admit that some areas of the Gurney Unit are air-conditioned, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 72 of the second amended complaint.

73.     Defendants deny the allegations contained in ¶ 73 of the second amended complaint.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 74 of the second amended complaint.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 75 of the second amended complaint.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 76 of the second amended complaint.

77.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 77 of the second amended complaint.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 78 of the second amended complaint.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 79 of the second amended complaint.

80.     Defendants admit that offenders with a wide variety of medical conditions who are prescribed a variety of prescription medications are housed in TDCJ facilities, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 80 of the second amended complaint.

81.     Defendants deny the allegations contained in ¶ 81 of the second amended complaint.

81.     Defendants deny the allegations contained in ¶ 81 of the second amended complaint.

82.     Defendants deny the allegations contained in ¶ 82 of the second amended complaint.

83.     Defendants deny the allegations contained in ¶ 83 of the second amended complaint.

84.     Defendants deny the allegations contained in ¶ 84 of the second amended complaint.

85.     Defendants deny the allegations contained in ¶ 85 of the second amended complaint.

86.     Defendants admit that it is hot in prison, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 86 of the second amended complaint.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 87 of the second amended complaint.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 88 of the second amended complaint.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 89 of the second amended complaint.

90.     Defendants admit that TDCJ has policies regarding the management of livestock, but deny the remaining allegations contained in ¶ 90 of the second amended complaint.

91.     Defendants admit that TDCJ has policies regarding the management of livestock, but deny the remaining allegations contained in ¶ 91 of the second amended complaint.

92.     Defendants admit that TDCJ has policies regarding the management of livestock, but deny the remaining allegations contained in ¶ 92 of the second amended complaint.

93.     Defendants admit that TDCJ has policies regarding the management of livestock, but deny the remaining allegations contained in ¶ 93 of the second amended complaint.

94.     Defendants admit that TDCJ has policies regarding the management of livestock, but deny the remaining allegations contained in ¶ 94 of the second amended complaint.

95.     Defendants deny the allegations contained in ¶ 95 of the second amended complaint.

96.     Defendants admit that symptoms of heat stroke may represent a medical emergency, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 96 of the second amended complaint.

97.     Defendants admit that some medical conditions and prescription medications may affect heat tolerance, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 97 of the second amended complaint.

98.     Defendants admit that age, general physical health and certain prescription medications may affect heat tolerance, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 98 of the second amended complaint.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 99 of the second amended complaint.

100.    Defendants admit that the Gurney Unit is a transfer unit, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 100 of the second amended complaint.

101.    Defendants admit that it is important that offenders become acclimated, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 101 of the second complaint.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 102 of the second amended complaint.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 103 of the second amended complaint.

104.    Defendants admit Douglas Hudson died while in TDCJ custody as alleged in ¶ 104 of the second amended complaint.

105.    Defendants admit Kenneth Wayne James died while in TDCJ custody as alleged in ¶ 105 of the second amended complaint.

106.    Defendants admit Rodney Gerald Adams died while in TDCJ custody as alleged in ¶ 106 of the second amended complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 107 of the second amended complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 108 of the second amended complaint.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 109 of the second amended complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 110 of the second amended complaint.

111.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 111 of the second amended complaint.

112.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 112 of the second amended complaint.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 113 of the second amended complaint.

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 114 of the second amended complaint.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 115 of the second amended complaint.

116.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 116 of the second amended complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 117 of the second amended complaint.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 118 of the second amended complaint.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 119 of the second amended complaint.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 120 of the second amended complaint.

121.    Defendants admit that offenders requiring after-hours medical care are assessed by nurses, but deny the remainder of the allegations contained in ¶ 121 of the second amended complaint.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 122 of the second amended complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 123 of the second amended complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 124 of the second amended complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 125 of the second amended complaint.

126.    Defendants admit TDCJ staff are trained about heat-related illness, but deny that such training "is grossly inadequate" as alleged in ¶ 126 of the second amended complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 126 of the second amended complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 127 of the second amended complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 128 of the second amended complaint.

129.    Defendants admit James Shriver may have died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 129 of the second amended complaint.

130.    Defendants admit Dionicio Robles may have died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 130 of the second amended complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 131 of the second amended complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 132 of the second amended complaint.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 133 of the second amended complaint.

134.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 134 of the second amended complaint.

135.     Defendants admit Larry Eugene McCollum died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 135 of the second amended complaint.

136.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 136 of the second amended complaint.

137.     Defendants admit that Douglas Hudson died after being treated at Palestine Regional Medical Center, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 137 of the second amended complaint.

138.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 138 of the second amended complaint.

139.     Defendants admit Thomas Meyers died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 139 of the second amended complaint.

140.     Defendants admit Robert Webb died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 140 of the second amended complaint.

141.     Defendants admit Alexander Togonidze died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 141 of the second amended complaint.

142.    Defendants admit Charles Cook died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 142 of the second amended complaint.

143.    Defendants admit Kelly Marcus died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 143 of the second amended complaint.

144.    Defendants deny the allegations contained in ¶ 144 of the second amended complaint.

145.    Defendants admit Kenneth Wayne James died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 145 of the second amended complaint.

146.    Defendants deny the allegations contained in ¶ 146 of the second amended complaint.

147.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 147 of the second amended complaint.

148.    Defendants admit Rodney Gerald Adams died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 148 of the second amended complaint.

149.    Defendants admit Albert Hinojosa died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 149 of the second amended complaint.

150.    Defendants admit they were aware that Texas summers are historically hot, but deny the remaining allegations contained in ¶ 150 of the second amended complaint.

151.    Defendants admit that inmate living areas at the Gurney Unit are not air-conditioned, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 151 of the second amended complaint.

152.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 152 of the second amended complaint.

153.    Defendants are aware it is hot in Texas during the summer, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 153 of the second amended complaint.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 154 of the second amended complaint.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 155 of the second amended complaint.

156.    Defendants admit that they entered into a series of agreements relating to numerous prison conditions in the *Ruiz* litigation, including specific agreements relating to prison environmental conditions, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 156 of the second amended complaint.

157.    Defendants admit that Livingston was named as a defendant in the *Blackmon* suit, and that Blackmon complained that his dorm was not air-conditioned, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 157 of the second amended complaint.

158.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 158 of the second amended complaint.

159.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 159 of the second amended complaint.

160.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 160 of the second amended complaint.

161.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 161 of the second amended complaint.

162.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 162 of the second amended complaint.

163.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 163 of the second amended complaint.

162.    Defendants admit that Dr. Glenda Adams testified, but are without knowledge or information sufficient to form a belief as to the truth of the testimony contained in ¶ 164 of the second amended complaint. Defendants further admit that TDCJ contracts with the Texas Tech University Health Science Center for offender healthcare services, but is without knowledge or information sufficient to form a belief as to the truth of the footnote to ¶ 164 of the second amended complaint.

165.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 165 of the second amended complaint.

166.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 166 of the second amended complaint.

167.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 167 of the second amended complaint.

168.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 168 of the second amended complaint.

169.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 169 of the second amended complaint.

170.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 170 of the second amended complaint.

171.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 171 of the second amended complaint.

172.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 172 of the second amended complaint.

173.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 173 of the second amended complaint.

174.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 174 of the second amended complaint.

175.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 175 of the second amended complaint.

176.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 176 of the second amended complaint.

177.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 177 of the second amended complaint.

178.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 178 of the second amended complaint.

179.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 179 of the second amended complaint.

180.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 180 of the second amended complaint.

181.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 181 of the second amended complaint.

182.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 182 of the second amended complaint.

183.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 183 of the second amended complaint.

184.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 184 of the second amended complaint.

185.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 185 of the second amended complaint.

186.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 186 of the second amended complaint.

187.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 187 of the second amended complaint.

188.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 188 of the second amended complaint.

189.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 189 of the second amended complaint.

190.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 190 of the second amended complaint.

191.     Defendants admit that TDCJ offenders suffer a wide range of medical and psychological conditions, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 191 of the second amended complaint.

192.     Defendants deny discriminating against Hudson, James or Adams and further deny denying them any reasonable accommodation necessary to allow them access to any TDCJ programs and services as alleged in ¶ 192 of the second amended complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 192 of the second amended complaint.

193.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 193 of the second amended complaint.

194.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 194 of the second amended complaint.

195.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 195 of the second amended complaint.

196.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 196 of the second amended complaint.

197.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 197 of the second amended complaint.

198.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 198 of the second amended complaint.

199.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 199 of the second amended complaint.

200.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 200 of the second amended complaint.

201.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 201 of the second amended complaint.

202.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 202 of the second amended complaint.

203.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 203 of the second amended complaint.

204.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 204 of the second amended complaint.

205.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 205 of the second amended complaint.

206.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 206 of the second amended complaint.

207.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 207 of the second amended complaint.

208.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 208 of the second amended complaint.

209.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 209 of the second amended complaint.

210.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 210 of the second amended complaint.

211.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 211 of the second amended complaint.

212.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 212 of the second amended complaint.

213.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 213 of the second amended complaint.

214.    Defendants admit that Douglas Hudson died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 214 of the second amended complaint.

215.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 215 of the second amended complaint.

216.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 216 of the second amended complaint.

217.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 217 of the second amended complaint.

218.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 218 of the second amended complaint.

219.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 219 of the second amended complaint.

220.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 220 of the second amended complaint.

221.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 221 of the second amended complaint.

222.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 222 of the second amended complaint.

223.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 223 of the second amended complaint.

224.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 224 of the second amended complaint.

225.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 225 of the second amended complaint.

226.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 226 of the second amended complaint.

226.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 226 of the second amended complaint.

227.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 227 of the second amended complaint.

228.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 228 of the second amended complaint.

229.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 229 of the second amended complaint.

230.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 230 of the second amended complaint.

231.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 231 of the second amended complaint.

232.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 232 of the second amended complaint.

233.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 233 of the second amended complaint.

234.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 234 of the second amended complaint.

235.    Defendants admit that Kenneth Wayne James died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 234 of the second amended complaint.

236.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 236 of the second amended complaint.

237.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 237 of the second amended complaint.

238.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 238 of the second amended complaint.

239.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 239 of the second amended complaint.

240.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 240 of the second amended complaint.

241.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 241 of the second amended complaint.

242.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 242 of the second amended complaint.

243.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 243 of the second amended complaint.

244.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 244 of the second amended complaint.

245.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 245 of the second amended complaint.

246.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 246 of the second amended complaint.

247.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 247 of the second amended complaint.

248.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 248 of the second amended complaint.

249.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 249 of the second amended complaint.

250.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 250 of the second amended complaint.

251.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 251 of the second amended complaint.

252.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 252 of the second amended complaint.

253.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 253 of the second amended complaint.

254.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 254 of the second amended complaint.

255.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 255 of the second amended complaint.

256.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 256 of the second amended complaint.

257.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 257 of the second amended complaint.

258.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 258 of the second amended complaint.

259.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 259 of the second amended complaint.

260.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 260 of the second amended complaint.

261.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 261 of the second amended complaint.

262.     Defendants admit that Rodney Adams died while incarcerated in TDCJ, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 262 of the second amended complaint.

263.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 263 of the second amended complaint.

264.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 264 of the second amended complaint.

## CAUSES OF ACTION

### A.  EIGHTH AND FOURTEENTH AMENDMENT CONDITIONS OF CONFINEMENT
(By All Plaintiffs, as to Defendants Livingston, Thaler, Stephens, Eason, Murray, Goings and Miller Only, in Their Individual Capacities) (42 U.S.C. §1983)

265.    Defendants incorporate their responses set forth in ¶¶ 1-264 as if fully set out here.

266.    Defendants deny any deliberate indifference or any constitutional violation as alleged in ¶ 266 of the second amended complaint.

267.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 267 of the second amended complaint.

268.    Defendants deny any deliberate indifference or any constitutional violation as alleged in ¶ 268 of the second amended complaint.

269.    Defendants deny the allegations in ¶ 269 of the second amended complaint.

### B.  EIGHTH AND FOURTEENTH AMENDMENT CONDITIONS OF CONFINEMENT
(By Adams Plaintiffs, as to Defendants Linthicum and Buskirk Only, in Their Individual Capacities) (42 U.S.C. § 1983)

270.  Defendants incorporate their responses set forth in ¶¶  1-269 as if fully set out here.

271.  Defendants deny any constitutional violation as alleged in ¶ 271 of the second amended complaint

272.  Defendants deny any deliberate indifference as alleged in ¶ 272 of the second amended complaint.

273.  Defendants deny any constitutional violation as alleged in ¶ 273 of the second amended complaint.

274.  Defendants deny the allegations in ¶ 274 of the second amended complaint.

### C.  EIGHTH AND FOUTEENTH AMENDMENT DENIAL OF MEDICAL CARE
(By Hudson Plaintiffs as to Defendants Oliver, Doe, Betts, and Fields Only,
in Their Individual Capacities) (42 U.S.C. §1983)

275.  Defendants incorporate their responses set forth in ¶¶ 1-274 as if fully set out here.

276.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 276 of the second amended complaint.

277.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 277 of the second amended complaint.

278.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 278 of the second amended complaint.

279.  Defendants deny any deliberate indifference as alleged in ¶ 279 of the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 279 of the second amended complaint.

280.  Defendants deny the allegations contained in ¶ 280 of the second amended complaint.

### D.  EIGHTH AND FOUTEENTH AMENDMENT DENIAL OF MEDICAL CARE
(By James Plaintiffs as to Defendants Miller, Leonard, Matthews, Gilmore, Raines, Washington, Seda, Flowers, Edwards, McKnight, and Dodd Only, in Their Individual Capacities)
(42 U.S.C. §1983)

281.  Defendants incorporate their responses set forth in ¶¶ 1-280 as if fully set out here.

282.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 282 of the second amended complaint.

283.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 283 of the second amended complaint.

284.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 284 of the second amended complaint.

285.   Defendants deny the allegations contained in ¶ 285 of the second amended complaint.

### E.  EIGHTH AND FOUTEENTH AMENDMENT DENIAL OF MEDICAL CARE
(By Adams Plaintiffs as to Defendants Goings, Only, in His Individual Capacity)
(42 U.S.C. §1983)

286.  The Defendants incorporate their responses set forth in ¶¶ 1-285 as if fully set out here.

287.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 287 of the second amended complaint.

288.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 288 of the second amended complaint.

289.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 289 of the second amended complaint.

290.   Defendants deny the allegations contained in ¶ 290 of the second amended complaint.

### F.  AMERICANS WITH DISABILITIES ACT, AMERICANS WITH
DISABILITIES ACT AMENDMENT ACT AND REHABILITATION ACT
(By all Plaintiffs, as to Defendants TDCJ, and UTMB Only)

291-299. Defendants incorporate their responses set forth in ¶¶  1-290 as if fully set out here. Defendants deny that Plaintiff's decedent was a person with a disability as contemplated by the ADA, the ADAAA or the RA as described in ¶¶ 291-299 of the second amended complaint. Defendants further deny that they discriminated against Plaintiff's decedent because of his disability and further deny that he was denied any services or access to any programs or activities

provided by TDCJ. Defendants deny that any alleged failure to accommodate Plaintiff's decedent proximately caused his death. Finally, Defendants deny that Congress has validly abrogated Texas' right to sovereign immunity in cases brought pursuant to the RA or Title II of the ADA or ADAAA.

## G.  NEGLIGENCE – TEXAS TORT CLAIMS ACT

### TRANSPORT VANS
(For the Hudson and James Plaintiffs only, as to Defendants TDCJ and UTMB)

300-304. Defendants incorporate their responses set forth in ¶¶ 1-299 as if fully set out here. Defendants deny any liability as to the negligence claim described in ¶¶ 300-304.

### H. PREMISES LIABILITY
(For the Hudson, James, and Adams Plaintiffs, as to TDCJ)

305-311. Defendants incorporate their responses set forth in ¶¶ 1-304 as if fully set out here. Defendants deny any liability as to the premises liability claim described in ¶¶ 305-311.

## I. NEGLIGENCE – TEXAS TORT CLAIMS ACT

### PRESCRIPTION DRUGS
(As to Defendant UTMB)

312-316. Defendants incorporate their responses set forth in ¶ 1-311 as if fully set out here. Defendants deny any liability as to the negligence claim described in ¶¶ 312-316.

## DAMAGES

317.    Defendants deny Plaintiffs are entitled to any compensatory or punitive damages in any amount whatsoever as demanded in ¶ 317 of the complaint.

318.    Defendants deny Plaintiffs are entitled to compensatory damages against TDCJ in any amount whatsoever as demanded in ¶ 318 of the complaint.

319.    Defendants deny that they, their agents, employees or representatives proximately caused any damage or injury to Plaintiffs and that Plaintiffs are therefore not entitled to any

damages whatsoever for any constitutional violation or for any damages whatsoever under the ADA, the ADAAA or the RA as demanded in ¶ 319 of Plaintiff's complaint.

320.   Defendants deny Ashley Adams is entitled to any damages whatsoever for past physical pain and suffering, past mental anguish, past future lost wages, funeral and/or burial expenses or attorney's fees and costs as demanded in ¶ 320 of Plaintiff's second complaint

321.   Defendants deny Ashley Adams and Wanda Adams are entitled to any damages whatsoever for past and future mental anguish, past and future loss of companionship, society, services and affection or attorney's fees and costs as demanded in ¶ 321 of the second complaint.

322.   Defendants deny Carlette Hunter James, Kristy James, Krystal James, Kendrick James, Arlett James, Jonathan James, and Kenneth Evans are entitled to any damages whatsoever for past physical pain and suffering, past mental anguish, past and future lost wages, funeral and/or burial expenses, or attorneys' fees and costs as demanded in ¶ 322 of the second complaint.

323.   Defendants deny Estate of Mary Lou James, Carlette Hunter James, Kristy James, Krystal James, Kendrick James, Arlett James, Jonathan James, and Kenneth Evans, in their individual capacities, are entitled to any damages whatsoever for past and future mental anguish, past and future loss of companionship, society, services, and affection of Kenneth Wayne James, or attorneys' fees and costs as demanded in ¶ 323 of the second complaint.

324.   Defendants deny Cade Hudson is entitled to any damages whatsoever for past physical pain and suffering, past mental anguish, past and future lost wages, funeral or burial expenses, or attorneys' fees and costs as demanded in ¶ 324 of the second complaint.

325.  Defendants deny Cade Hudson  is entitled to any damages whatsoever for past and future mental anguish, past and future loss of companionship, society, services, and affection of Douglas Hudson, or attorneys' fees and costs as demanded in ¶ 325 of the second complaint.

## ATTORNEY'S FEES AND COSTS

326. Defendants deny Plaintiffs are entitled to any attorney's fees or costs in any amount whatsoever as demanded in ¶ 326 of the second complaint.

## II.  DEFENDANTS' AFFIRMATIVE DEFENSES
## AND OTHER DEFENSIVE MATTERS

1.     Plaintiffs have not stated a claim upon which relief can be granted under the Americans with Disabilities Act or the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12131; the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. or under any constitutional theory, statutory authority or common-law theory for which relief may be sought pursuant to 42 U.S.C. § 1983.

2.     Defendants admit that causes of action may be stated under certain circumstances pursuant to the Constitution, the ADA, ADAAA, or RA but deny that such circumstances are present in this case.

3.     Defendants deny that they violated any of Plaintiffs' rights under the Constitution, the ADA, ADAAA, or RA or any other law or statute under which Plaintiffs sue or may be suing.  Defendants deny that they were motivated by any discriminatory intent of any kind.

4.     Defendants assert that any actions taken regarding Plaintiffs' decedents concerning any claims alleged by Plaintiffs in this lawsuit were based on a good-faith belief that their actions were taken in accordance with agency policy, applicable law and were taken without any discriminatory intent.

34

5.      Defendants assert that each action about which Plaintiffs complain in this lawsuit were taken for valid and legitimate, non-discriminatory reasons in the unique context of operating a prison facility.

6.      Defendants deny that Plaintiffs are entitled to injunctive, declaratory, or any other relief as demanded in Plaintiffs' complaint; Defendants further deny that Plaintiffs are entitled to attorney's fees or costs in any amount whatsoever.

7.      Defendants deny that Congress has validly abrogated Texas' sovereign immunity for purposes of the ADA, ADAAA or RA.

8.      Defendants deny that Plaintiffs requested an accommodation under the ADA, ADAAA, or RA and further deny that they knew or believed Plaintiffs' decedents required any accommodation, or that anyone denied decedents any reasonable accommodation.

9.      Defendants assert that Plaintiffs' decedents were not qualified individuals with disabilities that, by reason of such disability, were excluded from participation in or were denied the benefits of services, programs, or activities of a public entity.

10.     Defendants deny that Plaintiffs' decedents were subjected to discrimination in violation of the ADA, ADAAA, or RA.

11.     Defendants deny that any employee of the Texas Department of Criminal Justice intentionally discriminated against Plaintiffs' decedents by reason of or solely because of their alleged disabilities, and further deny that they discriminated against Plaintiffs' decedents at all.

12.     Defendants assert the defenses of *res judicata*, statute of limitations, laches, estoppel, waiver and lack of jurisdiction to Plaintiffs' claims in this lawsuit.

13.     Defendants specifically invoke the stipulations entered into relating to the *Ruiz* litigation applied to the Huntsville Unit.

14. Defendants assert that some, and perhaps all, of Plaintiffs' complaints may be barred by the applicable statute of limitations or by the Plaintiffs' failure to exhaust administrative remedies under applicable law; and, thus, the Defendants assert such defenses to the extent these defenses may be applicable.

15. Defendants assert the after-acquired evidence defense.

16. Defendants specifically invoke entitlement to Eleventh Amendment immunity and sovereign immunity as to any of Plaintiffs' claims which are not expressly and unambiguously included within the limited waivers of sovereign immunity found in any statute under which Plaintiffs raise claims.

17. Defendants are entitled to qualified immunity to Plaintiffs' claims where their actions did not violate Plaintiffs' decedents' constitutional rights and where their actions were objectively reasonable in light of clearly established law at the time of the violation.

18. Defendants are entitled to qualified immunity to Plaintiffs' claims where all policies promulgated or enforced by them were consistent with constitutional minima.

19. Defendants are entitled to dismissal of Plaintiffs' claims where Defendants did not act with deliberate indifference to Plaintiffs' decedents' health or safety.

20. Defendants assert, based upon information and belief, that Plaintiffs' decedents failed to mitigate or to avoid injury or to take advantage of the remedial measures for the conditions alleged, and that none of such alleged conditions or risk of harm, if any, have been the result of any discriminatory or unconstitutional act by Defendants, all acts of which Defendants deny.

21. Defendants assert the limitations, exclusions and defenses of the Prison Litigation Reform Act, 42 U.S.C. § 1997e and 18 U.S.C. § 3626.

22.     Defendants assert their right to raise additional defenses as they become apparent throughout the factual development of the case.

## JURY DEMAND

Defendants demand a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

For the foregoing reasons, Defendants move the Court to deny all relief requested by Plaintiff, to enter judgment in Defendants' favor as to all claims asserted by Plaintiff and to enter an order awarding Defendants all costs, including attorney's fees incurred in the litigation of this matter, and to be granted all such other and further legal and equitable relief to which they may be entitled.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
cynthia.burton@texasattorneygeneral.gov

**ATTORNEYS FOR DEFENDANTS**

37

**NOTICE OF ELECTRONIC FILING**

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have electronically submitted for a copy of the foregoing for filing in accordance with the Electronic Case Files system of the Eastern District of Texas on Sept. 2, 2014.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General


**CERTIFICATE OF SERVICE**

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have served all counsel or *pro se* parties of record electronically or by another manner authorized by FED. R. CIV. P. 5 (b)(2).

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General